**Richard MILLER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PEOPLEASE CORP., ARCH INSURANCE CO. AND GALLAGHER BASSETT SERVICES), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 17, 2011.

Decided Oct. 11, 2011.

James J. Conaboy, Scranton, for petitioner.

Thomas C. Kelly, West Conshohocken, for respondent.

BEFORE: LEADBETTER, President Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Richard Miller (Claimant) petitions for review of a Workers' Compensation Appeal Board (WCAB) order, dated January 25, 2011, to the extent that it affirms an order of a workers' compensation judge (WCJ) terminating his benefits. We reverse and remand.

Claimant suffered a work-related injury while driving a tractor trailer on December 29, 2007.[1] Peoplease Corporation (Employer) accepted liability by way of a notice of compensation payable describing the work injury as a cervical disc protrusion with radiculopathy. On June 22, 2009, Employer filed a petition for the modification, suspension and/or termination of Claimant's benefits. The WCJ held several hearings on the matters.

In support of its combined petition, Employer presented the deposition testimony of Claimant's treating orthopedic surgeon, Charles Wagener, M.D., among others. Dr. Wagener testified that he performed surgery on January 24, 2008, decompressing Miller's spinal cord and nerve roots at the C5–C6 and the C6–C7 vertebrae.[2] Dr. Wagener opined that the surgery was successful because Claimant's pain was "largely resolved" and because a subsequent MRI showed no pressure on the spinal cord. (WCJ's Findings of Fact, No. 3.) Claimant later developed a frozen shoulder, but Dr. Wagener released Claimant to unrestricted work on June 5, 2009,[3] because Claimant had fully recovered from his work injury.

Claimant, however, testified on January 4, 2010, that he still has shaking in his right hand and right arm. Claimant offered his personal opinion that he has chronic nerve damage related to the work injury. The WCJ found:

14. Although [Claimant's] testimony is generally credible, to the extent he relates his current disability to the work injury his testimony is unpersuasive in consideration of the uncontradicted testimony of his own treating surgeon and [Claimant's] failure to produce any expert medical evidence in support of his own opinions.

The WCJ also concluded:

2. [Employer] has proven through substantial, competent and expert evidence, entirely uncontradicted, that [Claimant] has completely recovered from the work injury of December 29, 2007 and therefore the Petition for Termination shall be granted.

---

1. Claimant testified that he worked for Employer as a yard jockey. He "pulled trailers back and forth from a lot up to the building where they would unload the trailers. And then when they were empty, [he would] take them back down to the lot, a holding lot." (N.T., 1/4/10, at 6.) Claimant stated that, on the date of his injury, his trailer started "swinging around"; his body was thrown back and forth in the cab; and, as a result, his neck was crushed. (*Id.* at 6–7.)

2. (N.T., 2/2/10, at 17.)

3. The WCJ found that Dr. Wagener released Claimant to unrestricted activity on December 12, 2008, but the parties agree that June 5, 2009, is the date that Dr. Wagener released Claimant to unrestricted activity, (Miller's Br. at 9, 13; Employer's Br. at 5 n. 1, 13).

(WCJ's Op., 5/25/10, Findings of Fact, No. 14; Conclusions of Law, No. 2.) Thus, the WCJ terminated Claimant's benefits and dismissed Employer's petitions for suspension and modification as moot. On appeal, the WCAB affirmed.[4] Claimant's petition for review to this court followed.[5]

■ Claimant argues that Employer did not prove its entitlement to a termination of benefits because Dr. Wagener's testimony was equivocal on the issue of whether Claimant had fully recovered from his work injury. After a careful review of Dr. Wagener's testimony, we agree.[6]

■ The law is clear that an employer's expert need not say "magic words" in providing his opinion that a claimant's work injury is fully resolved such that he can return to work. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 327 n. 3, 705 A.2d 1290, 1293 n. 3 (1997). However, medical testimony is equivocal if it is vague, leaves doubt, is less than positive or is based upon possibilities. *Reinforced Molding Corporation v. Workers' Compensation*

*Appeal Board (Haney)*, 717 A.2d 1096, 1098–99 (Pa.Cmwlth.1998).

Here, Dr. Wagener testified that, to relieve the pressure on Claimant's spinal cord, he removed Claimant's disc and osteophyte complex. The doctor could not say whether this procedure caused permanent damage to Claimant's spinal cord.

Q. Will the Claimant's spinal cord return to its pre-existing state?

A. Not necessarily.

Q. In this case did it?

A. *It's hard to say* whether it completely returned to its normal state. In general, when there are changes in the spinal cord, *there can be some permanent damage.* What that permanent damage is is variable.

(N.T., 2/2/10, at 19–20) (emphasis added). If there was any permanent damage to Claimant's spinal cord from the surgery that was done to address the work injury, then Claimant could not have been fully recovered from the work injury. Given Dr. Wagener's less-than-positive answer to this question, we cannot conclude that his testimony on the matter was unequivocal.

4. The WCAB noted that the WCJ terminated Claimant's benefits based on an incorrect effective date, but stated that, because Claimant failed to appeal the effective date of the termination of his benefits, Claimant had not preserved the issue. (WCAB's Op., 1/25/11, at 4 n. 1.)

5. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. An employer seeking a termination of benefits bears the burden of proving either that the claimant's disability has ceased or that any current disability arises from a cause unrelated to the claimant's work injury. *Campbell v. Workers' Compensation Appeal Board (Antie-*

*tam Valley Animal Hospital)*, 705 A.2d 503, 506–07 (Pa.Cmwlth.1998). An employer meets this burden when its medical expert unequivocally testifies that "it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury." *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 327, 705 A.2d 1290, 1293 (1997). Further, an employer's burden of proof in a termination proceeding is considerable, and it never shifts to the claimant, whose disability is presumed to continue until proven otherwise. *Marks v. Workers' Compensation Appeal Board (Dana Corporation)*, 898 A.2d 689, 693 (Pa.Cmwlth.2006).

When asked whether he considered the surgery a success, Dr. Wagener stated his belief that it was successful because Claimant has not "declined in function insofar as his ability to use his hands and/or his ability to walk with regard to the surgery itself." (*Id.* at 21.) Dr. Wagener previously testified that Claimant's injury could cause him "difficulty with hand use, difficulty walking, numbness, tingling in both the upper and/or lower extremities." (*Id.* at 17.) The fact that Claimant did not "decline" in his hand use and walking functions after the surgery suggests that Claimant had the same difficulty both before and after the surgery. In other words, Dr. Wagener deemed the surgery a success because it did not make Claimant's ability to function worse than before the surgery. Moreover, Dr. Wagener never testified that the surgery relieved any numbness or tingling Claimant might have experienced in his extremities. Such testimony is not unequivocal that Claimant is fully recovered from his work injury.

With regard to Claimant's pain, Dr. Wagener testified, "I think that his pain that he was having pre-operatively *nearly completely resolved for the most part.* That is his arm pain and to a large degree his—much of his neck symptoms." (*Id.* at 21) (emphasis added). To say that Claimant's arm and neck pain "nearly completely resolved for the most part" is a peculiar way of saying that Claimant's work-related pain was **not fully** resolved. It is not unequivocal testimony that Claimant is fully recovered from his work injury.

Finally, Dr. Wagener testified, "We obtained an MRI approximately a year [after the surgery] which doesn't show any *significant pressure* on the spinal cord itself." (*Id.*) (emphasis added). Such testimony demonstrates that there **was** some pressure on Claimant's spinal cord a year after the surgery. Again, this is not unequivocal testimony that Claimant is fully recovered from his work injury.

However, the matter does not end here. The WCJ noted that Employer "produced adequate evidence in support of" its suspension and modification petitions, (WCJ's Conclusions of Law, No. 3), but dismissed these petitions as moot when he granted Employer's termination petition. Given our determination that Employer did not, as a matter of law, present unequivocal medical testimony that Claimant fully recovered from his work injury and that, therefore, the termination of Claimant's benefits was improper, we now reverse the WCAB's order with respect to the termination of Claimant's benefits, but we remand the matter to the WCAB for remand to the WCJ for findings of fact and conclusions of law on the suspension and modification petitions filed by Employer.

### ORDER

AND NOW, this 11th day of October, 2011, the order of the Workers' Compensation Appeal Board, dated January 25, 2011, is hereby reversed with respect to the termination of Claimant's benefits. However, the case is remanded to the Workers' Compensation Appeal Board for remand to the workers' compensation judge for findings of fact and conclusions of law on the suspension and modification petitions filed by Peoplease Corporation.

Jurisdiction relinquished.