IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmelo Olivares Hernandez,      :
     : No. 2305 C.D. 2014
           Petitioner      : Submitted: May 15, 2015
     :
           v.      :
     :
Workers' Compensation Appeal      :
Board (Giorgio Foods, Inc.),      :
     :
           Respondent      :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
             HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN            FILED: August 25, 2015

Carmelo Olivares Hernandez (Claimant) petitions for review of the December 10, 2014, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to grant the termination petition filed by Giorgio Foods, Inc. (Employer) and dismiss Employer's petition for review of a utilization review (UR) determination as moot. We affirm.

On March 14, 2006, Claimant was injured while working as a mushroom farm casing crew member for Employer. (WCJ's Findings of Fact, 3/19/10, No. 2.) The parties recognized the injury as a low-back strain in a January 27, 2007, agreement for compensation. (WCJ's Findings of Fact, 5/29/13, No. 1.)

On August 11, 2009, Employer filed a suspension petition, which the WCJ denied on March 19, 2010. In his written decision, the WCJ amended the description of Claimant's work-related injury to include a herniated disc at L4-5 pursuant to the parties' stipulation. (WCJ's Findings of Fact, 3/19/10, No. 22.)[1]

On July 24, 2012, Employer filed a termination petition, alleging that Claimant had fully recovered from his work injury as of June 20, 2012. Employer also requested a UR of the treatment rendered to Claimant by Steven B. Schwartz, M.D., from June 27, 2012, onward. The reviewer, Vincent L. Ferrara, M.D., determined that Dr. Schwartz's treatment, including surgery, was both reasonable and necessary. On September 25, 2012, Employer filed a UR petition. Claimant returned to work with restrictions on October 22, 2012, pursuant to Employer's notice of suspension of benefits.

The WCJ held a hearing on Employer's petitions on December 11, 2012. Employer presented the deposition testimony of independent medical examiner Christian I. Fras, M.D., a board-certified orthopedic surgeon, who examined Claimant on June 20, 2012. (WCJ's Findings of Fact, 5/29/13, No. 4a.) Dr. Fras observed that Claimant exhibited a normal gait and stance uncharacteristic of a person with nerve damage. (*Id.*, No. 4b.) Based on Claimant's negative straight-leg-raising test and negative femoral-stretch test, Dr. Fras found no disc herniation at that time. (*Id.*) Dr. Fras also noted that Claimant had painless range of motion in both hips with no tenderness over the sacroiliac joints. (*Id.*) Dr. Fras' review of a June 8, 2012,

---

[1] WCJ Terry W. Knox issued the March 19, 2010, decision on Employer's suspension petition. WCJ Brian J. Puhala issued the May 29, 2013, decision on Employer's termination and UR petitions.

magnetic resonance imaging (MRI) report revealed degenerative changes in Claimant's low back, including a potential annular tear and mild lumbar stenosis at L4-5, but no disc herniation. (*Id.*, No. 4d.) Dr. Fras opined that, as of the date of his evaluation, Claimant had no ongoing low-back pathology and Claimant's work-related injury had fully resolved. (*Id.*, Nos. 4c, 4e.)

At the time of his examination, Dr. Fras believed that Claimant's only accepted work injury was a low-back strain. (Fras Report, 6/20/12, at 5.) In his written report, however, Dr. Fras noted that Claimant's medical records indicated the presence of a herniated disc at an earlier time. (*Id.*) During his subsequent deposition, Dr. Fras opined that "by the time of my evaluation of June 20, 2012, [Claimant] ha[d] recovered from his work injuries of lumbar sprain and strain and lumbar disc herniation." (Fras Dep., 11/15/12, at 28.)

Claimant presented the deposition testimony of Dr. Schwartz, a board-certified neurological surgeon. (WCJ's Findings of Fact, 5/29/13, No. 5a.) Dr. Schwartz first examined Claimant in October 2011, five years after his work injury. (*Id.*, No. 5b.) Dr. Schwartz reviewed diagnostic studies, proceeded with conservative treatment, and released Claimant to light-duty work. (*Id.*, No. 5c.) Dr. Schwartz admitted that he did not review medical records from Claimant's prior doctors and that he was unaware of records stating that Claimant had reported no more leg pain. (*Id.*, No. 5g.) In January 2012, Dr. Schwartz gave Claimant injection therapy, which provided him excellent relief. However, Claimant's symptoms had returned as of March 13, 2012. (*Id.*, No. 5d.) Dr. Schwartz opined that Claimant's ongoing symptoms, including the herniated disc, were related to his March 2006 work injury. (*Id.*, No. 5e.) On July 25, 2012, Dr. Schwartz performed a surgical fusion and lumbar

discectomy on Claimant's back at L4-5. (*Id.*, No. 5f; *see* Schwartz Dep., 11/13/12, at 14-16.)

The WCJ credited Dr. Fras' testimony and discredited the testimony of Dr. Schwartz, Claimant, and Donna M. Kulp, D.C., Claimant's chiropractor.[2] (WCJ's Findings of Fact, 5/29/13, Nos. 7-8.) The WCJ found that Dr. Fras offered clear explanations as to why Claimant's ongoing symptoms are unrelated to his work injury. (*Id.*, No. 8a.) Moreover, Dr. Fras' diagnostic evaluations support the conclusion that Claimant had fully recovered from the lumbar sprain and strain and the herniated disc as of the date of his examination. (*Id.*) The WCJ further found that Dr. Schwartz did not examine Claimant until five years after his injury and did not review medical records from Claimant's prior doctors. (*Id.*, No. 8b.) Finally, the WCJ found that both Dr. Schwartz and Dr. Kulp based their opinions on information they received from Claimant, whom the WCJ specifically discredited. (*Id.*, Nos. 7, 8b, 8c.)

The WCJ concluded that Claimant had fully recovered from his work injury as of June 20, 2012, the date of Dr. Fras' examination. (WCJ's Conclusions of Law, 5/29/13, No. 4.) Therefore, the WCJ granted Employer's termination petition and dismissed Employer's UR petition as moot because the UR petition concerned treatment rendered after Claimant's date of recovery. (*Id.*, No. 5.)

Claimant appealed to the WCAB, which affirmed. The WCAB concluded that the WCJ issued a reasoned decision and that the WCJ's grant of

---

[2] The WCJ did not summarize either Claimant's or Dr. Kulp's testimony because he did not find their testimony credible. (WCJ's Findings of Fact, 5/29/13, Nos. 6-7.)

Employer's termination petition was supported by substantial, competent evidence. Claimant now petitions this court for review.[3]

Claimant first asserts that the WCAB's conclusion that Claimant fully recovered from his work injury as of June 20, 2012, is unsupported by substantial, competent evidence. We disagree.

An employer seeking to terminate "benefits bears the burden of proving either that the claimant's disability has ceased or that any current disability arises from a cause unrelated to the claimant's work injury." *Miller v. Workers' Compensation Appeal Board (Peoplease Corporation)*, 29 A.3d 869, 871 n.6 (Pa. Cmwlth. 2011). "An employer meets this burden when its medical expert unequivocally testifies that 'it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings [that] either substantiate the claims of pain or connect them to the work injury.'" *Id.* (citation omitted). The burden of proof in a termination proceeding "never shifts to the claimant, whose disability is presumed to continue until proven otherwise." *Id.* In order to terminate benefits, the employer must prove that the claimant has recovered from all work-related injuries. *Central Park Lodge v. Workers' Compensation Appeal Board (Robinson)*, 718 A.2d 368, 370 (Pa. Cmwlth. 1998).

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

Claimant argues that Dr. Fras' testimony was insufficient to support a termination of benefits because he did not recognize Claimant's accepted herniated disc injury in rendering his medical opinion. Specifically, Claimant points out that: (1) Dr. Fras testified that Claimant's herniated disc had resolved between 2007 and 2008, even though it was not judicially recognized as a work injury until 2010; and (2) Claimant underwent a surgical fusion and discectomy at L4-5 one month after Dr. Fras' examination.

It is true that "a medical opinion that does not recognize the work-relatedness of an injury previously determined to be work-related is insufficient to support a termination of benefits." *O'Neill v. Workers' Compensation Appeal Board (News Corporation)*, 29 A.3d 50, 55 (Pa. Cmwlth. 2011). However, even if a medical expert disagrees with an accepted work injury, his or her "opinion is competent if he [or she] assumes the presence of an injury and finds it to be resolved by the time of the [independent medical examination]." *Hall v. Workers' Compensation Appeal Board (America Service Group)*, 3 A.3d 734, 741 (Pa. Cmwlth. 2010).

A review of Dr. Fras' testimony as a whole reveals that he did, in fact, accept Claimant's herniated disc as a work injury but believed, based on his physical examination and the diagnostic studies, that Claimant's herniated disc had resolved. Dr. Fras opined, within a reasonable degree of medical certainty, that "by the time of my evaluation of June 20, 2012, [Claimant] ha[d] recovered from his work injuries of

6

lumbar sprain and strain and lumbar disc herniation." (Fras Dep., 11/15/12, at 28.)[4] Dr. Fras' testimony, which the WCJ credited, was sufficient to support the WCJ's conclusion that Claimant had fully recovered from his work injury as of June 20, 2012. *See O'Neill*, 29 A.3d at 55-56 (concluding that the medical expert's testimony was sufficient to support a termination of benefits where the expert recognized the claimant's diagnoses, notwithstanding his skepticism, and testified within a reasonable degree of medical certainty that the claimant fully recovered from her work injuries); *To v. Workers' Compensation Appeal Board (Insaco, Inc.)*, 819 A.2d 1222, 1225 (Pa. Cmwlth. 2003) (affirming the termination of benefits where the medical expert did not deny the existence of the work injury but believed that the claimant's subjective complaints did not stem from the work injury and opined that the claimant fully recovered from any work injury sustained).

Next, Claimant asserts that the WCJ failed to issue a reasoned decision under section 422(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §834,[5] because he failed to offer adequate, objective reasons for his credibility determinations. We disagree.

---

[4] In his earlier written report, Dr. Fras stated, "Regardless of the etiology [of] the L4-5 disc herniation or its causal nexus to the March 14, 2006, work injury, by the time of my evaluation, [Claimant] has recovered from this disc herniation." (Fras Report, 6/20/12, at 6.)

[5] Section 422(a) of the Act provides in relevant part:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decision[] so that all can determine why and how a particular result was reached. The [WCJ] shall specify the evidence upon which the [WCJ] relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence,

**(Footnote continued on next page…)**

7

The WCJ explained that he disbelieved Claimant's testimony "based on [his] personal observation of Claimant" at the hearing. (WCJ's Findings of Fact, 5/29/13, No. 7.) It is well settled that the WCJ may base a credibility determination solely on a witness's demeanor when the witness testifies live before the WCJ, as in this case. *See Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052-53 (Pa. 2003); *U.S. Steel Mining Company v. Workers' Compensation Appeal Board (Goretsky)*, 874 A.2d 711, 715 n.7 (Pa. Cmwlth. 2005). Therefore, the WCJ's stated reason for discrediting Claimant's testimony was sufficient to satisfy the reasoned decision requirement.

With regard to deposition testimony, however, the WCJ must articulate an objective basis for crediting one witness's testimony over another's. *See Daniels*, 828 A.2d at 1053. Here, the WCJ stated that he found Dr. Fras' testimony more credible than Dr. Schwartz's because Dr. Fras clearly explained why Claimant's ongoing symptoms are unrelated to his March 2006 work injury. (WCJ's Findings of Fact, 5/29/13, No. 8a.) Moreover, the WCJ found that Dr. Fras' diagnostic evaluations supported the conclusion that Claimant had fully recovered from both the low-back strain and the herniated disc as of the date of his examination. (*Id.*) In contrast, the WCJ found that Dr. Schwartz did not examine Claimant until five years after his work injury, did not review Claimant's prior medical records, and was unaware of records stating that Claimant had reported no more leg pain. (*Id.*, Nos.

---

**(continued…)**

the [WCJ] must adequately explain the reasons for rejecting or discrediting competent evidence.

77 P.S. §834.

8

5g, 8b.) Finally, the WCJ noted that both Dr. Schwartz and Dr. Kulp based their medical opinions on information they received from Claimant, whom the WCJ specifically discredited. (*Id.*, Nos. 7, 8b, 8c.) Because the WCJ articulated objective bases for his credibility determinations, his decision was reasoned under the Act.

Finally, Claimant asserts that the WCJ erred in dismissing Employer's UR petition as moot. By granting the termination petition, the WCJ correctly found that any treatment rendered after June 20, 2012, including Dr. Schwartz's July 2012 surgery, was unrelated to Claimant's March 2006 work injury. Therefore, the WCJ properly dismissed the UR petition.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmelo Olivares Hernandez,               :
                                          : No. 2305 C.D. 2014
                     Petitioner           :
                                          :
              v.                          :
                                          :
Workers' Compensation Appeal              :
Board (Giorgio Foods, Inc.),              :
                                          :
                     Respondent           :

O R D E R

AND NOW, this 25th day of August, 2015, we hereby affirm the December 10, 2014, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge