Ryan MILLER, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (Millard Refrigerated Services and Sentry Claims Service), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 2012.

Decided June 22, 2012.

Gerald F. Strubinger, Jr., Palmerton, for petitioner.

Sharon J. McGrail–Szabo, Allentown, for respondents.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Ryan Miller (Claimant) petitions for review of the November 18, 2011, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to deny and dismiss Claimant's claim petition. We affirm.

On September 1, 2009, Claimant filed a claim petition alleging that on August 12, 2009, he sustained an injury to his foot during the course and scope of his employment with Millard Refrigerated Services (Employer). The WCJ held a hearing on November 16, 2009.

Claimant testified at the hearing that he worked for Employer in the ice cream department for five months before it shut down, and he was then placed as a pallet jack driver. Claimant watched a video and knew how to complete pre-shift inspection and battery changes on the pallet jack. Claimant demonstrated his ability to drive the pallet jack and took a test regarding the pallet jack. In May 2009, Claimant ran into a freezer door with the pallet jack. After that incident, he discussed driver safety with Employer. Claimant testified that he would sometimes "jump on a forklift." Claimant admitted that the forklift requires certification to operate and that he does not have the certification. Claimant knew unauthorized personnel were not permitted to operate the forklift. (WCJ's Findings of Fact, No. 5.)

Claimant further testified that, on August 12, 2009, Claimant was scheduled to work the second shift, 4:00 p.m. to 12:30 a.m.[1] However, Claimant stated that a supervisor told Claimant that Claimant needed to stay until 1:30 a.m. to complete his work. Claimant finished work at 12:58 a.m. Instead of leaving, Claimant went to the restroom, then jumped on the forklift and drove it around for a while before driving it to the punch-out area. Claimant stated that he drove the forklift because it was "fun to drive." Claimant was not authorized to drive the forklift. (*Id.*)

At 1:15 a.m., Claimant, while riding the forklift to the punch-out area, crashed into a pole. Claimant's foot had been sticking out of the forklift and was crushed upon impact. Claimant knew he was not to extend any part of his foot beyond the platform of the forklift. (*Id.*)

Claimant testified that Scott Butz, a lead man for the 4:00 p.m. to 12:30 a.m. shift, saw him drive the forklift and never told Claimant that he could not operate the forklift. Claimant stated that it was a common practice for employees to drive the forklifts to the punch-out area and that supervisors said nothing about it. Claimant further stated that he was required to stay until 1:30 a.m. on the morning of the accident. (WCJ's Findings of Fact, No. 6.)

Employer presented Butz's testimony. Butz testified that he hired Claimant to run the pallet jack, but Claimant was not permitted to use the forklift. Butz stated that Claimant was told not to be on other equipment unless he was certified. Butz stated that he did not see Claimant on the forklift. Butz further stated that Claimant had not asked to practice on the forklift, was not assigned a forklift, and had not

---

1. We note that Claimant's injury is alleged to have occurred on August 12, 2009, at 1:15 a.m. It is not clear from the record, but we can infer that Claimant began his shift on August 11, 2009, at 4:00 p.m.

been observed for practice purposes on a forklift. Employees are not allowed to operate equipment without being certified. (WCJ's Findings of Fact, No. 7.)

The WCJ found Claimant not credible with regard to his testimony about Butz seeing him on the forklift, about Butz not telling Claimant that he could not drive the forklift, and about being required to stay at work until 1:30 a.m. on the morning of August 12, 2009. The WCJ found Butz entirely credible. (WCJ's Findings of Fact, Nos. 6–8.)

The WCJ determined:

Claimant was not acting in furtherance of the employer's interests at the time of the injury. The following prohibited activities were entirely outside the scope of his job duties:

a) riding around on equipment after his work duties and personal cleanup were complete; b) riding a piece of equipment he was prohibited from driving; and c) sticking his foot out as he was driving the forklift. Claimant was clearly aware that he was engaging in activities not permitted by his employer. Moreover, operating the forklift had no connection whatsoever to claimant's job of operating a pallet jack. Claimant's activities went beyond mere negligence, and are analogous to the example of a brakeman who operates an engine when he has no duty to do so, runs a red signal and is injured. *Dickey v. Pittsburgh and Lake Erie R.R. Co.* [297 Pa. 172], 146 A. 543, 544–545 (Pa.1929).[2] Therefore, I find claimant was not in the course and scope of his employment at the time of the injury.

(WCJ's Findings of Fact, No. 9.)

The WCJ concluded that Employer met its burden of proving that Claimant's injury was caused by a violation of several work rules of which Claimant was aware and that driving the forklift was an activity with no connection to Claimant's work activities. (WCJ's Conclusions of Law, No. 3.) The WCJ denied and dismissed Claimant's claim petition, and Claimant appealed to the WCAB, which affirmed. Claimant now petitions this court for review.[3]

■ Essentially, Claimant argues that the WCAB erred in affirming the dismissal of Claimant's claim because Claimant established a compensable work-related injury, did not violate a positive work order and his injuries were within the course and scope of his employment.

■ It is well settled that in a claim petition, the claimant bears the burden of proving all elements necessary for an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 141, 634 A.2d 592, 595 (1993). More specifically, a claimant must establish that he sustained an injury during the course and scope of his employment and that the injury was causally related to his employment. *Delaware County v. Workers' Compensation Appeal Board (Baxter–Coles)*,

2. In *Dickey,* the claimant worked as a shop watchman and was directed by the employer to use a boardwalk to walk from the station to the carpenter shop. However, the claimant defied the employer's order and took a short-cut across the railroad tracks, which resulted in claimant's death. The Supreme Court determined that the claimant had removed himself from the course and scope of his employment when he defied his employer's work rule. 297 Pa. 172, 176, 146 A. 543, 545.

3. Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

808 A.2d 965, 967–68 (Pa.Cmwlth.2002). Here, Employer raised the affirmative defense that Claimant's actions removed him from the course and scope of his employment because he violated a positive work rule or order. Therefore, Employer has the burden of proving the violation of the positive work rule or order and that the violation removed Claimant from the course and scope of his employment. *Lewis v. Workers' Compensation Appeal Board (Andy Frain Services, Inc.)*, 29 A.3d 851, 863 n. 9 (Pa.Cmwlth.2011), *appeal denied*, —— Pa. ——, 42 A.3d 295, 2012 Pa. LEXIS 924 (filed Apr. 24, 2012).

■ When an employer raises the affirmative defense of a violation by an employee of a positive order or rule, the employer must prove "that (1) the injury was, in fact, caused by the violation of the order or rule; (2) the employee actually knew of the order or rule; and (3) the order or rule implicated an activity not connected with the employee's work duties." *Nevin Trucking v. Workmen's Compensation Appeal Board (Murdock)*, 667 A.2d 262, 268 (Pa.Cmwlth.1995) (internal citations omitted).

Here, Butz credibly testified that employees are not permitted to be on equipment without being certified. Butz further testified that Claimant was hired to run the pallet jack, not the forklift, and that Claimant was not certified to operate the forklift. (WCJ's Findings of Fact, No. 7.) Claimant testified that he knew unauthorized personnel were not permitted to operate the forklift, and he also admitted to driving the forklift without authorization. Claimant further stated that he was driving the forklift when the accident occurred. (WCJ's Findings of Fact, No. 5.)

■ Through Butz's credited testimony, Employer demonstrated that Claimant was injured because he drove the forklift in violation of a work rule, that Claimant actually knew of the work rule prohibiting unauthorized personnel from driving the forklift, and that driving the forklift was not an activity connected with Claimant's work duties. Claimant's argument that the WCJ should have believed his version of the events amounts to nothing more than an impermissible attack on the WCJ's credibility determinations. When reviewing witnesses' testimony, determinations as to weight and credibility are solely for the WCJ as fact-finder. *Cittrich v. Workmen's Compensation Appeal Board (Laurel Living Center)*, 688 A.2d 1258, 1259 (Pa.Cmwlth.1997). A WCJ may accept or reject the testimony of any witness in whole or in part. *Lombardo v. Workers' Compensation Appeal Board (Topps Co.)*, 698 A.2d 1378, 1381 (Pa.Cmwlth.1997). If supported by substantial evidence, a WCJ's findings are conclusive on appeal, despite the existence of contrary evidence. *Watson v. Workers' Compensation Appeal Board (Special People in Northeast)*, 949 A.2d 949, 953 (Pa.Cmwlth.2008).

The WCJ clearly explained his reasons for finding Butz more credible and persuasive than Claimant regarding the incident that occurred on August 12, 2009. The WCJ credited Employer's testimony and concluded that the August 12, 2009, injury was in violation of a positive work rule and was not within Claimant's course and scope of employment with Employer. The WCJ's determination that Claimant's operation of the forklift violated a positive work rule and was outside the course and scope of his employment as a pallet jack driver for Employer was supported by substantial evidence.

Accordingly, we affirm.

### ORDER

AND NOW, this 22nd day of June, 2012, the November 18, 2011, order of the Work-

ers' Compensation Appeal Board in the above-captioned matter is affirmed.