IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eastern Logistics, Inc., : 
: No. 255 C.D. 2015
               Petitioner : Submitted: July 10, 2015
:
          v. :
:
Workers' Compensation Appeal :
Board (Jenkins), :
:
               Respondent :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN           FILED: August 5, 2015


         Eastern Logistics, Inc. (Employer) petitions for review of the February 19, 2015, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to grant Brandon Jenkins' (Claimant) claim petition. We affirm.

         On January 4, 2012, Claimant filed a claim petition alleging that he sustained a work injury. At the WCJ's hearing on March 6, 2012, Claimant testified that he worked as a mechanic in Employer's shop, where he repaired trucks and maintained vehicles. (WCJ's Findings of Fact, Nos. 1-2.) On August 10, 2011, Claimant finished his shift, clocked out of work, and proceeded to a parking lot on

Employer's premises to get to his vehicle.[1] (*Id.*, No. 3.) As Claimant walked across the parking lot, Claimant's supervisor, Dave Frohm, "drove towards . . . Claimant's left side" in Frohm's Ford F-150 pickup truck "and struck . . . Claimant's left hip." (*Id.*) Claimant avoided falling to the ground by catching himself on the hood of a van driven by Dan Merovich, which was stopped on Claimant's right side.[2] (*Id.*) About one week after his injury, Claimant treated with his family physician for soreness in his neck and lower back. (*Id.*, No. 4.) Claimant's physician then released Claimant to light-duty work with restrictions. (*Id.*)

Claimant also introduced the testimony of Steven Michael DeLuca, D.O., who is board-certified in orthopedic surgery. Dr. DeLuca diagnosed Claimant with an acute left hip labral tear with underlying femoroacetabular impingement syndrome and probable cord contusion with mylo-malacia. Dr. DeLuca opined that these conditions resulted from Claimant's work injury. Dr. DeLuca performed arthroscopic surgery on Claimant's left hip on April 26, 2012. After that surgery, Claimant developed a Chiari malformation.[3] Claimant and Employer stipulated that the symptoms of Claimant's Chiari malformation were causally related to his August 10, 2011, work injury and caused Claimant to be totally disabled between August 7,

---

[1] Although Claimant did not testify as to the exact amount of time between his clocking out and his injury, he testified that he walked directly to Employer's parking lot after clocking out and did not stop for any reason. (N.T., 3/6/12, at 10-11.)

[2] Merovich testified that he is a contractor and performs repair and maintenance work for Employer. (N.T., 7/10/12, at 7.) Merovich also testified that he witnessed Frohm's truck hit Claimant in Employer's parking lot. (WCJ's Findings of Fact, No. 12.)

[3] Dr. DeLuca testified that a Chiari malformation is a serious spinal cord condition. (WCJ's Findings of Fact, No. 10; DeLuca Dep. at 13-14.)

2

2012, and December 18, 2012. (*Id.*, Nos. 7-11.) Employer introduced the testimony of Matthew J. Espenshade, D.O., who opined that Claimant did not sustain any injuries to his left hip as a result of being hit by Frohm's truck on August 10, 2011. (*Id.*, No. 13.)

On February 19, 2013, the WCJ issued an interlocutory order, concluding that Claimant was in the course and scope of his employment when he was injured. On February 12, 2014, the WCJ granted Claimant's claim petition. The WCJ credited all testimony except that of Dr. Espenshade, which the WCJ discredited because it was inconsistent with Dr. DeLuca's credible testimony that Claimant's hip injury was the result of being hit by Frohm's truck on August 10, 2011. The WCJ concluded that Claimant sustained his burden of proving that he was in the course and scope of his employment when he was injured on August 10, 2011, and that his work injury caused his temporary, total disability as of April 26, 2012. (WCJ's Conclusions of Law, Nos. 2-4.)

Employer appealed the WCJ's decision to the WCAB, which affirmed. The WCAB concluded that Claimant was injured in the course of his employment because he was injured on Employer's premises shortly after he clocked out for the day and while walking to his vehicle in order to leave work. (WCAB's Op. at 3-4.) Employer now petitions this court for review.[4]

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

On appeal, Employer argues that the WCAB erred in determining that Claimant was injured in the course of his employment because Claimant's injuries were not caused by a condition of Employer's premises or by the operation of Employer's business thereon. We disagree.

Under section 301(c)(1) of the Workers' Compensation Act (Act),[5] 77 P.S. §411(1), a claimant seeking benefits for an injury must show that he sustained the injury during the course of his employment and that his disability is causally related thereto. *Miller v. Workers' Compensation Appeal Board (Millard Refrigerated Services and Sentry Claims Service)*, 47 A.3d 206, 208 (Pa. Cmwlth. 2012). Whether an employee was acting in the course of his employment at the time of his injury is a question of law to be determined based on the WCJ's findings of fact. *Pennsylvania State University v. Workers' Compensation Appeal Board (Rabin)*, 53 A.3d 126, 131 (Pa. Cmwlth. 2012).

In *U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635, 640 (Pa. Cmwlth. 2000) (emphases added), we stated:

> An injury may be sustained "in the course of employment" under Section 301(c)(1) of the Act *in two distinct situations*: (1) where the employee is injured on or off the employer's premises, while actually engaged in furtherance of the employer's business or affairs; *or* (2) where the employee, although not actually engaged in the furtherance of the employer's business or affairs, (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on, (b) is required by the nature of his employment to be

---

[5] Act of June 2, 1915, P.L. 736, *as amended*.

4

present on the employer's premises, and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

In regard to the first situation, "'once an employee is on the [e]mployer's premises, *actually getting to or leaving* the employee's work station is a necessary part of that employee's employment, and thus, definitively furthering the employer's interests.'" *Allegheny Ludlum Corporation v. Workers' Compensation Appeal Board (Hines)*, 913 A.2d 345, 349 (Pa. Cmwlth. 2006) (emphasis added) (citation omitted). Therefore, "'an employee will be considered to have suffered an injury 'in the course of employment' if the injury occurred on the employer's 'premises' at a reasonable time before or after the work period.'" *Id.* (citation omitted). An employer's premises includes the reasonable means of access to the employer's business, such as employee parking lots. *Ace Wire Spring & Form Company v. Workers' Compensation Appeal Board (Walshesky)*, 93 A.3d 923, 932 (Pa. Cmwlth.), *appeal denied*, 104 A.3d 6 (Pa. 2014).

Here, Claimant was injured in Employer's parking lot shortly after clocking out for the day and while walking to his vehicle in the parking lot. Under these facts, Claimant was injured while furthering Employer's interests and, thus, in the course of his employment under the first situation described in *Dixon*. Employer's argument that Claimant failed to prove that his injuries were caused by a condition of Employer's premises relates only to the second situation described in *Dixon*. Therefore, we agree with the WCJ and the WCAB that Claimant met his burden of proving that he was injured in the course of his employment.

5

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eastern Logistics, Inc.,             :
                                     : No. 255 C.D. 2015
               Petitioner     :
                                       :
             v.                  :
                                       :
Workers' Compensation Appeal    :
Board (Jenkins),                 :
                                       :
              Respondent    :

O R D E R

AND NOW, this 5th day of <u>August</u>, 2015, we hereby affirm the February 19, 2015, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge