# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia McSparran,                          :
                    Petitioner               :
                                             :
            v.                               :    No. 1571 C.D. 2016
                                             :    Submitted: January 27, 2017
Workers' Compensation Appeal                 :
Board (Commonwealth of                       :
Pennsylvania),                               :
                    Respondent               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                          **FILED:  June 2, 2017**


Patricia McSparran (Claimant) petitions for review of the Order of the Workers' Compensation Appeal Board (Board) that affirmed the Decision of a Workers' Compensation Judge (WCJ) denying Claimant's Petition for Workers' Compensation Benefits (Claim Petition) and Petition to Review Compensation Benefits (Review Petition) and granting the Petition to Terminate Compensation Benefits (Termination Petition) filed by the Commonwealth of Pennsylvania (Employer).  On appeal, Claimant argues that:  (1) the findings of fact used to support the denial of her Claim Petition and Review Petition and the grant of Employer's Termination Petition are not supported by substantial evidence but

were based on the WCJ's capricious disregard of objective medical evidence; and (2) the WCJ erred in finding that her Claim Petition and Review Petition were untimely. Because, after careful review, there is substantial evidence to support the findings of fact, and the WCJ did not capriciously disregard objective medical evidence, we affirm.

Claimant worked for Employer at the Department of Environmental Protection (DEP) as Director of Waterways, Engineering, and Wetlands. (WCJ Decision, Finding of Fact (FOF) ¶ 5a.) She sustained work-related injuries on November 1, 2011, which were recognized as a cervical sprain and an ankle sprain in a Notice of Compensation Payable (medical only) (Medical Only NCP), issued on April 3, 2012. (FOF ¶¶ 3, 5c; R.R. at a5.) Claimant continued to work her regular work duties without loss of wages or any physician-imposed medical restrictions. (FOF ¶ 5o.) On April 5, 2012, Claimant was discharged from her position with Employer because her services were no longer needed. (Id. ¶ 5g.) On April 2, 2015, Claimant filed the Claim Petition asserting that she sustained, on November 1, 2011, "herniated and bulging discs in [her] neck and back[, a] left ankle sprain[, and a] left leg injury." (R.R. at a7.) Employer filed an answer denying the material allegations and asserting that the Claim Petition was barred by Sections 315 and/or 413 of the Workers' Compensation Act (Act).[1] (Id. at a11-a13.) On September 30, 2015, Employer filed its Termination Petition asserting that, as of that date, Claimant had fully recovered from the accepted work-related injuries. (Id. at a14.) Claimant filed the Review Petition on October 1, 2015, alleging that the description of her injuries set forth in the Medical Only NCP was incorrect and should be expanded to include a cervical disc herniation at C5-6 with

_____

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 602, 771-772.

2

left-sided cervical radiculopathy, allegations that Employer denied. (Id. at a16, a19.) The petitions were assigned to the WCJ, who held hearings and accepted depositions and documentary evidence.

In support of her Petitions, Claimant testified[2] about the physical demands of her work duties, how she was injured, her ongoing treatments for those injuries, and her discharge. (FOF ¶ 5a-5i.) She asserted that she did not ask for any accommodations or modifications of her work duties because she was able to "self-restrict" her activities. (Id. ¶ 5e-5f, 5o.) Claimant also offered the deposition testimony of Keith R. Kuhlengel, M.D.,[3] a board-certified neurosurgeon, who opined that, in addition to the accepted injuries, Claimant sustained a C5-6 disc injury with radicular-type pain in the November 1, 2011 fall and had not yet fully recovered.[4] (Id. ¶ 7b, 7e.)

In opposition to Claimant's Petitions and in support of its Termination Petition, Employer presented the testimony of Claimant's supervisor, its Division Manager,[5] who disagreed with Claimant's description of her work duties. (Id. ¶ 8a, 8d-8g, 8j.) Division Manager also testified that Claimant was not discharged because of the injury, and Claimant did not ask for any accommodations or modifications of her job between November 2011 and April 2012. (Id. ¶ 8c, 8h.) Employer also offered the deposition testimony of Eric B. Lebby, M.D., a board-

---

[2] Claimant's testimony is found at pages a31-a52 and a95-a110 of the Reproduced Record.

[3] Dr. Kuhlengel's deposition testimony is found at pages a117-a152 of the Reproduced Record.

[4] Claimant's mother (Mother) also testified, in relevant part, about attending two Independent Medical Examinations (IME) of Claimant performed by Joshua D. Auerbach, M.D. and Eric B. Lebby, M.D. The WCJ did not credit Mother's testimony. (FOF ¶ 10b.)

[5] Division Manager's testimony is found at pages a66-a80 of the Reproduced Record.

certified orthopedic surgeon who performed an independent medical examination (IME) of Claimant on August 27, 2015.[6] (Id. ¶ 9, 9a.) Dr. Lebby opined that Claimant's work-related injuries were a sprain/strain of the cervical spine and ankle from which she had fully recovered and required no further medical treatment or work restrictions. (Id. ¶ 9h.)

Reviewing this testimony and evidence, the WCJ credited Claimant's testimony regarding her November 1, 2011 fall, but, based on her demeanor, did not find her credible regarding the physical requirements of her position, that she "self-restricted," or that the injury adversely affected her earning power. (FOF ¶ 10a.) The WCJ found Division Manager's testimony credible based on her demeanor and accepted her testimony regarding Claimant's job duties and that Claimant did not request any modification to those job functions following the November 1, 2011 injuries. (Id. ¶ 10c.) Finally, after reviewing the competing opinions of the medical experts, the WCJ found Dr. Lebby's testimony to be competent, credible, and persuasive and that, while Dr. Kuhlengel's testimony was competent, it was less credible and persuasive. (Id. ¶ 10d, 10e.)

Based on the evidence accepted as credible and persuasive, the WCJ concluded that the injuries that Claimant sustained on November 1, 2011, were in the nature of an ankle sprain and cervical sprain, she had fully recovered from those injuries, and she required no restrictions or further medical treatment for those injuries. (Id. ¶ 10e.) The WCJ further held that the Claim Petition, filed on April 2, 2015, was barred because it was filed more than three years after November 1, 2011. (WCJ Decision, Conclusions of Law (COL) ¶¶ 2, 3.) Citing

---

[6] Dr. Lebby's deposition testimony is found at pages a166-a176 of the Reproduced Record.

4

this Court's decision in Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia), 124 A.3d 778 (Pa. Cmwlth. 2015), the WCJ concluded that the three-year limitation period applied notwithstanding the issuance of the Medical Only NCP. (COL ¶ 3.) The WCJ also held that Claimant's loss of earnings as of April 6, 2012 were not the result of the work-related injuries, noting that she had worked her full duty position, without modifications or accommodations, until her employment was terminated. (Id. ¶ 4.) The WCJ found that Claimant had not met her burden of proving that the description of the injury in the Medical Only NCP was incorrect and, additionally, that the Review Petition was untimely filed pursuant to Fitzgibbons v. Workers' Compensation Appeal Board (City of Philadelphia), 999 A.2d 659 (Pa. Cmwlth. 2010). (Id. ¶ 5.) Finally, the WCJ concluded that Employer had met its burden of proof on the Termination Petition based on the credited testimony of Dr. Lebby. (Id. ¶¶ 6-7.) Accordingly, the WCJ denied and dismissed Claimant's Claim Petition and Review Petition and granted Employer's Termination Petition as of September 30, 2015. (WCJ Order.)

Claimant appealed to the Board arguing that certain of the WCJ's findings of fact used to deny her Claim Petition and Review Petition and terminate her benefits were not supported by substantial evidence and her Petitions were not untimely. On Claimant's first assertion of error, the Board summarized the relevant testimony and held that, based on the credibility determinations, the challenged findings of fact were supported by substantial evidence. (Board Op. at 4-16.) In response to Claimant's second contention, the Board found no error because

Sloane and Fitzgibbons supported the WCJ's determinations. (Id. at 16-17.) Claimant now petitions this Court for review.[7]

On appeal, Claimant reasserts her challenge to the WCJ's findings of fact that supported the denial of her Claim Petition and Review Petition and the grant of the Termination Petition. Claimant asserts that the WCJ erred in crediting Division Manager's testimony regarding Claimant's work duties and in finding that she was fired for cause. She also argues that the WCJ misconstrued, capriciously disregarded, and did not resolve conflicts within Dr. Lebby's testimony in making his findings of fact and credibility determinations. Based on these errors and abuses of discretion, Claimant argues that the WCJ's decision was not reasoned as required by Section 422(a) of the Act, 77 P.S. § 834.

We begin our analysis by setting forth the relevant legal standards at issue. To meet her burden of proof on the Claim Petition, Claimant had to prove that she sustained a work-related injury that resulted in a loss of earning power. Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Serv., Inc.), 126 A.3d 394, 402 (Pa. Cmwlth. 2015). In addition, she bore the burden on the Review Petition to prove that the Medical Only NCP was materially incorrect at the time it was issued and that she sustained additional injuries at the time of the fall through credited, unequivocal medical testimony. Namani v. Workers' Comp. Appeal Bd. (A. Duie Pyle), 32 A.3d 850, 856 n.4 (Pa. Cmwlth. 2011). Finally, to obtain a termination of benefits, Employer had to prove "that . . . [C]laimant [is] fully recovered from h[er] work injury and has no remaining disability, or that any remaining disability

---

[7] "Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law[,] or whether necessary findings of fact are supported by substantial evidence." City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock), 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

6

is no longer related to the work injury." Ingrassia, 126 A.3d at 402 n.13. An employer meets this burden when its medical expert unequivocally testifies that "it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury." Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.), 705 A.2d 1290, 1293 (Pa. 1997). "Medical testimony will be found unequivocal if the medical expert, after providing a foundation, testifies that in his professional opinion that he believes a certain fact or condition exists." Coyne v. Workers' Comp. Appeal Bd. (Villanova Univ. and PMA Group), 942 A.2d 939, 955 (Pa. Cmwlth. 2008). "[T]estimony is equivocal if it is vague, leaves doubt, is less than positive or is based upon possibilities." Miller v. Workers' Comp. Appeal Bd. (Peoplease Corp., Arch Ins. Co. and Gallagher Bassett Serv.), 29 A.3d 869, 871 (Pa. Cmwlth. 2011).

Section 422(a) of the Act requires that a WCJ issue a reasoned decision and provides, in pertinent part:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

7

77 P.S. § 834. To be "reasoned," an opinion must "allow[] for adequate review by the [Board] without further elucidation" and by this Court under the applicable review standards. Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.), 828 A.2d 1043, 1052 (Pa. 2003). It also must contain credibility determinations, which, if a witness testifies in person, may be based on the demeanor of the witness. Id. at 1052-53. However, if the witness testifies by deposition, the WCJ must provide "some articulation of the actual objective basis for the credibility determination." Id. at 1053.

It is well-settled that the WCJ is the fact finder, and the review of the witnesses' testimony and determinations as to the weight and credibility of that evidence are solely for the WCJ. Miller v. Workers' Comp. Appeal Bd. (Millard Refrigerated Serv. and Sentry Claims Serv.), 47 A.3d 206, 209 (Pa. Cmwlth. 2012). "[The] WCJ may accept or reject the testimony of any witness in whole or in part." Id. "[T]he appellate role is not to reweigh the evidence or to review the credibility of the witnesses." Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan), 612 A.2d 434, 437 (Pa. 1992). Moreover, "[a] capricious disregard of the evidence . . . is a deliberate and baseless disregard of apparently trustworthy evidence[,]" but a "WCJ is not required to accept even uncontradicted evidence" and the "express consideration and rejection" of evidence as not credible is not a capricious disregard of that evidence. Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works and USX Corp.), 862 A.2d 137, 144-45 (Pa. Cmwlth. 2004).

We now address Claimant's challenges to the findings related to her work duties and termination. Claimant argues that the WCJ abused his discretion by crediting Division Manager's testimony regarding Claimant's work duties because

Division Manager did not have personal knowledge of those duties. Although Division Manager acknowledged that she did not frequently have contact with Claimant, Division Manager testified about the expectations for Claimant's position, the written description for Claimant's position, which did not include the regular performance of certain physical tasks that Claimant asserted she regularly performed, and her review of Claimant's expense reports and other reports reflecting Claimant's travel and the activities she was involved in for her office. (R.R. at a69-a72, a74-a76, a78, a80.) The WCJ, citing the demeanor of the witnesses, gave more credibility and weight to Division Manager's testimony than Claimant's conflicting testimony. Those determinations are solely for the WCJ and will not be reviewed by an appellate court. Bethenergy Mines, Inc., 612 A.2d at 437; Miller, 47 A.3d at 209.

As for Claimant's contention that the WCJ found that she was terminated for cause, the WCJ found that "Claimant was not told that she was terminated for cause" but because "her services were no longer required." (FOF ¶ 5g.) This is consistent with testimony of both Claimant and Division Manager. (R.R. at a37-a38, a72.) Division Manager also testified that Claimant was not terminated because of the work injury. (Id. at a72.) This testimony, along with the testimony that Claimant continued to perform her duties without any accommodations and did not have any physician-imposed restrictions following the injury, support the WCJ's determination that Claimant's injury did not cause her loss of earnings as of April 6, 2012. (Id. at a35, a47-a48; FOF ¶ 10a; COL ¶ 4.)

We next consider Claimant's contention that the WCJ abused his discretion and capriciously disregarded the medical evidence when he found Dr. Lebby more credible than Dr. Kuhlengel and, on the basis of that improper credibility

9

determination, erred in denying her Petitions and granting Employer's Termination Petition. In particular, Claimant points to several statements by Dr. Lebby, such as that he could not confirm or deny that a disc herniation occurred on November 1, 2011, and there was no history of a pre-existing cervical spine condition in Claimant's medical records, to support her claim. She further challenges the WCJ's reasoning for crediting Dr. Lebby's opinions; specifically, that Dr. Lebby's physical examination was more comprehensive and detailed than Dr. Kuhlengel's examinations even though the latter was her treating physician. She also points out that Dr. Lebby is an orthopedic surgeon who specializes in hips and knees, and Dr. Kuhlengel is a neurosurgeon who specializes in the spine and spinal surgeries.

Claimant asks this Court to review the WCJ's credibility determinations based on what she considers to be shortcomings or inconsistencies in Dr. Lebby's testimony and credentials. Claimant focuses solely on the WCJ's explanation in finding of fact 10e, in which the WCJ states why Dr. Lebby's testimony was more competent, credible, and persuasive than Dr. Kuhlengel's testimony. We note, however, that the WCJ explained additional reasons for finding Dr. Kuhlengel's testimony less persuasive and credible in finding of fact 10d. These included differing opinions from some of Claimant's other treating physicians regarding, *inter alia*, her claimed radiculopathy and the need for work restrictions, as well as questions on whether Claimant's ongoing problems were from the November 1, 2011 work injury or her post-employment use of a computer for long periods of time. (FOF ¶ 10d.)

The WCJ's explanations for his credibility determinations are supported by the record. Dr. Lebby's testimony regarding his physical examination of Claimant was more detailed than Dr. Kuhlengel's description of his examinations. (R.R. at

10

a121, a169-a170.) Moreover, that Dr. Lebby is not a neurosurgeon goes to the weight of his testimony, which is beyond this Court's purview, because it is well-settled that "a physician is competent to testify as to specialized areas of medicine even though he or she is not a specialist or certified in those areas." Sch. Dist. of Phila. v. Workers' Comp. Appeal Bd. (Hilton), 84 A.3d 372, 375 (Pa. Cmwlth. 2014). Here, the WCJ gave an extensive summary of both medical experts' testimony and provided explanations on why he found one expert more credible and persuasive than the other. (FOF ¶¶ 7, 9, 10d, 10e.) Such express consideration and rejection is not a capricious disregard of the evidence before the WCJ. Williams, 862 A.2d at 145. The WCJ's explanations further satisfy the reasoned decision requirements of Section 422(a) of the Act, as they provided the Board, and this Court on further review, the ability to perform effective appellate review. Daniels, 828 A.2d at 1052-53.

Here, because the WCJ found that Claimant's earning power was not related to her work injuries and rejected Dr. Kuhlengel's opinions expanding Claimant's injuries to a C5-6 herniation with radicular-type pain, Claimant could not meet her burdens of proof on the Claim Petition and Review Petition. Although Dr. Lebby stated that he could not say whether or not the C5-6 disc herniation was caused by the November 1, 2011 fall, (R.R. at a171), such testimony is less than positive and leaves doubt as to causation. Therefore, it is equivocal and would not support the modification of the description of the work injury in the Medical Only NCP. Miller, 29 A.3d at 871. However, Dr. Lebby unequivocally opined, based on his review of Claimant's medical records and diagnostic studies, the history he obtained from Claimant, and his physical examination of Claimant, that: Claimant's work injury was a cervical sprain and left ankle sprain from which she

11

had fully recovered; no further medical treatment was necessary for those injuries; and no modifications to her work duties were required. (R.R. at a171-a172.) The WCJ found this testimony competent, credible, and persuasive. This credited testimony supports the termination of Claimant's benefits. Udvari, 705 A.2d at 1293.

For the above reasons, we find no abuse of discretion or error of law, and will not, as Claimant requests, reweigh the evidence. Because the findings of fact upon which the denial of the Claim Petition and Review Petition and the grant of the Termination Petition were based are supported by substantial evidence and support those legal conclusions, we affirm the Board's Order.[8]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[8] We do not address the timeliness of Claimant's Petitions because we affirm the Board's determination on the merits.

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia McSparran,                        :
                        Petitioner         :
                                           :
            v.                             :        No. 1571 C.D. 2016
                                           :
Workers' Compensation Appeal               :
Board (Commonwealth of                     :
Pennsylvania),                             :
                        Respondent         :


# **O R D E R**


**NOW**, June 2, 2017, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is hereby **AFFIRMED**.


 

 

_____
**RENÉE COHN JUBELIRER,** Judge