# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanice Forbes,                 :
             Petitioner       :
                             :
          v.                 :    No. 142 C.D. 2020
                             :    Submitted: May 22, 2020
Workers' Compensation Appeal     :
Board (Home Helpers),           :
             Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                FILED: August 20, 2020

Shanice Forbes (Claimant) petitions for review of the Workers' Compensation Appeal Board (Board) Order that affirmed the Workers' Compensation Judge's (WCJ) Decision, which granted her Claim Petition for Workers' Compensation (Claim Petition) against Home Helpers of Drexel Hill (Employer) but terminated her workers' compensation (WC) benefits as of August 20, 2018, based on a full recovery from her injury. Claimant asserts that the Board erred in affirming the WCJ's finding of full recovery, arguing that such a determination is not supported by substantial, competent evidence. Claimant further argues that the WCJ did not provide a legally sufficient explanation for finding her live testimony not credible after finding her consistent deposition testimony credible. For the reasons below, we affirm.

## Background

Claimant filed a Claim Petition on October 25, 2017, asserting that she sustained an "injury to lower back with bi-lateral lower extremity radiculopathy" on October 3, 2017, while transferring a patient into a Hoyer lift for Employer. C.R. at 8. Claimant last went to work on October 17, 2017. Pet'r's Br. at 6. Employer filed a Notice of Workers' Compensation Denial on November 11, 2017, and Claimant's Petition was assigned to a WCJ for resolution.

## I. WCJ Decision

Claimant testified via deposition that she worked for Employer as a personal care aide for elderly clients. Her job responsibilities required her to help move and physically lift disabled clients. On October 3, 2017, while maneuvering a client into a Hoyer lift, Claimant felt a sharp pain in her lower back. WCJ Decision, 12/27/18, Finding of Fact (F.F.) No. 5(c). She informed an "employee-client representative" about her injury and did not return to work until Friday October 6, 2017. Claimant continued to work until October 17, 2017, when she "couldn't take it anymore." F.F. No. 5(e). Claimant originally sought treatment from her family physician, but a note from him was not sufficient to have her placed on "light duty" work. F.F. No. 5(f). Claimant's lawyer subsequently referred her to Daisy Rodriguez, M.D., from whom she received physical therapy three times a week. At the August 21, 2018 hearing, Claimant testified she was still feeling slight pain under her left shoulder blade and was receiving injections in her back from another doctor. F.F. No. 9(d). Claimant also testified that she was unable to return to her job at that time because her body was "just not in a position to do that type of work again." F.F. No. 9(e).

2

Claimant presented the deposition testimony of Dr. Rodriguez, who is board certified in internal medicine. Dr. Rodriguez testified that she first saw Claimant on October 31, 2017, and continued seeing her beyond the August 21, 2018 hearing. F.F. No. 6(b). She diagnosed Claimant with "posttraumatic strain/sprain of the lumbosacral area; large bulging disc at L5-S1 extending into the bilateral neural foramina; radiculopathy; chronic pain." F.F. No. 6(c). Dr. Rodriguez performed a Functional Capacity Evaluation (FCE) on January 23, 2018, which demonstrated Claimant's ability to fulfill her work duties was restricted and that she was not capable of lifting as much as 10 pounds. F.F. No. 6(e). Dr. Rodriguez ordered an Electromyography (EMG) study, but it was not completed by the time of her deposition. FF. No. 6(d). Dr. Rodriguez testified to a reasonable degree of medical certainty that Claimant had not yet fully recovered from her work injury. C.R. at 150; F.F. No. 6(f).

Employer presented the deposition testimony of David Vegari, M.D., who is a board-certified orthopedic surgeon. Dr. Vegari testified that he performed an Independent Medical Evaluation (IME) on Claimant on January 12, 2018, and he prepared a detailed report which was placed into evidence without objection. F.F. No. 8(b). Dr. Vegari testified that the results of the IME were objectively normal. F.F. No. 8(c). He also testified that a November 10, 2017 lumbar MRI provided results consistent with degenerative disc disease and were not causally related to the work injury. F.F. No. 8(d). Dr. Vegari testified to a reasonable degree of medical certainty that Claimant sustained a lumbar strain and sprain due to her work injury,

3

but that she was fully recovered as of January 12, 2018, and could resume her full work duties. C.R. at 238; F.F. Nos. 8(e)-(f).

The WCJ determined that Claimant's deposition testimony was credible, was consistent with the credible medical evidence, and was largely unrebutted by Employer. F.F. No. 10. The WCJ found that Claimant's live testimony, at the final hearing on August 21, 2018, established she was fully disabled immediately after sustaining her work injury, but it did not establish that she remained disabled. F.F. No. 14(d). The WCJ found the testimony of both Dr. Rodriguez and Dr. Vegari credible in part and not credible in part. F.F. No. 12. The WCJ accepted Dr. Vegari's finding that Claimant suffered a lumbar strain/sprain and rejected Dr. Rodriguez's testimony that the injury was more than just a strain/sprain. *Id*. Based on Claimant's FCE, the WCJ found Dr. Rodriguez's opinion that Claimant was still suffering from her work injury, as of January 2018, to be credible. F.F. No. 12(b). Conversely, the WCJ found Dr. Vegari's opinion that Claimant was fully recovered, as of January 12, 2018, not to be credible because Dr. Vegari did not address the FCE or the significant physical limitations asserted by Claimant. F.F. No. 12(a). On the issue of ongoing disability, the WCJ rejected, as not credible, Claimant's August 21, 2018, testimony that her "body is not in a position to do that type of work." F.F. No. 13. Specifically, the WCJ noted that this was a self-serving and conclusory statement rather than one describing ongoing pain and limitations stemming from the injury. *Id*.

The WCJ concluded that Claimant met her burden of proving she sustained a work-related injury. F.F. No. 14(a). He found that Claimant sustained

a lumbar strain/sprain on October 3, 2017, and provided timely notice by filing her Claim Petition on October 25, 2017. F.F. No. 14(b). The WCJ determined that Claimant was disabled as a result of her injury from October 18, 2017 through August 20, 2018, but she did not provide sufficient credible evidence to establish the existence of a disability beyond August 21, 2018. F.F. No. 14(d). Accordingly, the WCJ granted the Claim Petition and awarded Claimant temporary total disability benefits for a closed period, from October 18, 2017 through August 20, 2018, along with reimbursement of her litigation costs. WCJ Decision, 12/27/18, Conclusions of Law No. 5. Claimant appealed to the Board.

## II. Board Decision

In her appeal of the WCJ Order, Claimant argued that substantial competent evidence did not support the WCJ's determination that her work-related injury did not extend beyond August 20, 2018. Board Opinion (Bd. Op.), 01/13/20, at 2. However, the Board opined that the WCJ did not err and affirmed the WCJ's Order granting Claimant's Claim Petition, followed by a termination of benefits as of August 21, 2018. The Board noted that a simple declaration of credibility or incredibility by the WCJ suffices for a reasoned decision, and further stated that the WCJ was free to terminate benefits upon finding Claimant's "self-serving" statement regarding ongoing disability was not credible. Bd. Op., 01/13/20, at 6-7. The Board also independently noted the failure of Claimant's doctor to establish evidence of ongoing disability beyond the August 21, 2018 hearing. *Id.* Finally, the Board determined there was no substantial competent evidence to support that Claimant

5

had ongoing disability beyond August 20, 2018.  Bd. Op., 01/13/20, at 7.  Claimant now petitions this Court for review[1] of the Board Opinion.[2]

## **Discussion**

On appeal, Claimant argues the Board erred in finding the WCJ's Decision regarding the termination of benefits was supported by substantial competent evidence.  Pet'r's Br. at 8.  Additionally, Claimant argues that the WCJ "failed to adequately explain his determinations," rendering his Decision capricious and unreasoned.  *Id*.

As a preliminary matter, the claimant bears the burden of proving "the right to compensation and all of the elements necessary to support an award, including . . . the duration of disability throughout the pendency of the claim petition."  *Rife v. Workers' Comp. Appeal Bd. (Whitetail Ski Co.)*, 812 A.2d 750, 754–55 (Pa. Cmwlth. 2002).  It is well-settled that the WCJ is the fact-finder and the reviewer of the witnesses' testimony, and determinations as to the weight and credibility of that evidence is solely for the WCJ.  *Miller v. Workers' Comp. Appeal Bd. (Millard Refrigerated Serv. & Sentry Claims Serv.)*, 47 A.3d 206, 209 (Pa. Cmwlth. 2012).  "A WCJ may accept or reject the testimony of any witness in whole

---

[1] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated.  *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830 (Pa. 2013).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *City of Phila. v. Workers' Comp. Appeal Bd. (Kriebel)*, 29 A.3d 762, 769 (Pa. 2011).

[2] "[O]n appeal from a WCJ, the scope of review of the Board is the same as that of this Court."  *Montgomery Hosp. v. Workers' Comp. Appeal Bd. (Armstrong)*, 793 A.2d 182, 189 (Pa. Cmwlth. 2002).

or in part." *Id.* "[T]he appellate role is not to reweigh the evidence or to review the credibility of the witnesses." *Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan)*, 612 A.2d 434, 437 (Pa. 1992). Further, the WCJ may base a credibility determination on the demeanor of the witness. *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043 (Pa. 2003). So long as the findings of the WCJ are supported by substantial evidence, they must be accepted as conclusive. *Columbo v. Workmen's Comp. Appeal Bd. (Hofmann)*, 638 A.2d 477 (Pa. Cmwlth. 1994).

Claimant argues that there was substantial competent evidence to support a finding of ongoing disability, and it was erroneous for the Board and WCJ to conclude otherwise. Our Court has long held that in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ, rather, the pertinent inquiry is whether there is evidence which supports the WCJ's factual finding. *Valenta v. Workers' Comp. Appeal Bd.*, 176 A.3d 374, 382 (Pa. Cmwlth. 2017 (quoting *Hoffmaster v. Workers' Comp. Appeal Bd.*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998)).

Here, there is sufficient evidence in the record to justify the Board's finding that the WCJ's conclusions were based on substantial competent evidence. As to the nature of Claimant's work injury, the WCJ credited Dr. Vegari's findings of degenerative disc disease over Dr. Rodriguez's assertion that the injury was more serious than a strain/sprain. This conclusion was based on Dr. Vegari's superior expertise on the matter as a board-certified orthopedic surgeon. F.F. No. 12(a). The

WCJ credited Dr. Rodriguez over Dr. Vegari in regards to Claimant's ongoing disability as of January 2018, due to the results of the FCE. Regarding the termination of benefits, the WCJ based his conclusion on the in-person demeanor and credibility of the Claimant.

As this Court noted in *American Enterprise, Inc. v. Workers' Compensation Appeal Board (Hurley)*, 789 A.2d 391, 398 (Pa. Cmwlth. 2001):

> [t]he WCJ is free to determine the chronological length of a claimant's disability, based not only upon the testimony of the claimant's medical witness but also upon the testimony of the claimant as well, even if the claimant's medical witness had released the claimant to full duty. The testimony of Claimant concerning continuing disability is therefore substantial evidence supporting the WCJ's finding of ongoing disability.

*Id.*

The Board found no flaws in any of the WCJ's determinations and stated that finding Claimant's live testimony not credible was sufficient evidence to support the termination of disability benefits. Bd. Op., 01/13/20, at 7. As such, the Board affirmed the WCJ's Order to terminate benefits following a determination of full recovery as of August 21, 2018. Since the testimony of Claimant regarding ongoing disability may constitute substantial evidence, and because the WCJ provided further elaboration about the "self-serving nature" of the live testimony, this Court agrees with the Board's conclusions.

Finally, Claimant asserts the WCJ failed to adequately articulate his credibility determinations, thereby leaving his decision impermissibly unreasoned.

8

Claimant, however, did not raise this argument in her appeal to the Board and the Board did not contemplate this issue in its Opinion. Thus, it is waived. *Simmons v. Workers' Comp. Appeal Bd. (Powertrack Int'l)*, 96 A.3d 1143 (Pa. Cmwlth. 2014). Even if Claimant's argument was not waived, we disagree with her contention. A WCJ provides a reasoned explanation for his decision "by outlining the evidence considered, stating the credible evidence on which he relied, and setting forth the reasons for the ultimate decision." *Tristate Transp.*, 828 A.2d at 1049. Here, the WCJ satisfied this standard. The WCJ provided a detailed recounting of all relevant evidence that was presented to him, both live and recorded via deposition. The WCJ explained whose testimony, as well as what portions of that testimony, he found credible and for what reasons. Finally, the WCJ articulated how those determinations led him to the ultimate conclusion that Claimant sustained a work-related injury but had since fully recovered. In light of this, we find the WCJ's Decision to be well explained and reasoned.[3]

## **Conclusion**

It is not the province of this Court to reweigh the evidence or review the credibility of witnesses. Here, we agree with the Board that the WCJ's Decision

---

[3] In addition, Employer requests that this Court review the March 10, 2020 Order granting Claimant's motion to proceed *in forma pauperis*, alleging Claimant is seeking workers' compensation for "an overlapping period of time when she was also gainfully employed." Resp't's Br. at 9-10. However, because we affirm the Board's Decision and the alleged "overlapping period of time" occurred after August 21, 2018, there is no need for us to address this issue. *Id.*

9

was based on substantial, competent evidence, was sufficiently reasoned, and did not contain any other error of law.  Accordingly, we affirm the Board's Order.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shanice Forbes,                          :
                    Petitioner           :
                                         :
          v.                             :     No. 142 C.D. 2020
                                         :
Workers' Compensation Appeal             :
Board (Home Helpers),                    :
                    Respondent           :

# **O R D E R**

     **AND NOW**, this 20th day of August 2020, the Order of the Workers'
Compensation Appeal Board is **AFFIRMED**.

                                              _____

                                              J. ANDREW CROMPTON, Judge