Margaret Mary FITZGIBBONS,
Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (CITY OF PHIL-
ADELPHIA), Respondent.

Commonwealth Court of Pennsylvania.

Argued May 19, 2010.

Decided July 16, 2010.

Marianne Henry, Philadelphia, for peti-
tioner.

Paul M. Della Franco, Philadelphia, for
respondent.

BEFORE: LEADBETTER, President
Judge, and McGINLEY, Judge, and
SIMPSON, Judge, and LEAVITT, Judge,
and BROBSON, Judge, and
McCULLOUGH, Judge, and BUTLER,
Judge.

OPINION BY Judge BROBSON.

Petitioner Margaret Mary Fitzgibbons
(Claimant) petitions for review of an order
of the Pennsylvania Workers' Compensa-
tion Appeal Board (Board). The Board
affirmed the decision of a Workers' Com-
pensation Judge (WCJ), thereby dismiss-
ing Claimant's review and reinstatement
petition. We affirm the Board's order.

The pertinent facts as found by the
WCJ are summarized below. On May 4,
1997, Claimant, who was working as a
recreation leader for the City of Philadel-
phia (Employer), sustained an injury in the
course of her employment when a tent and
stakes fell on her. A Notice of Compensa-
tion Payable (NCP) identified Claimant's
injury as epicondylitis of the left elbow.
In accordance with a July 24, 1998 supple-
mental agreement between the parties,
Claimant's benefits were suspended as of
July 13, 1998, based upon her return to
work with no loss of earnings. Claimant
filed a review/reinstatement petition on
August 26, 2002, seeking review of the
NCP to add "neck, low back, left hip, leg,

[and] knee" to her identified work-related injuries. (Reproduced Record (R.R.) at 2a.) The WCJ issued an initial decision on August 5, 2003, dismissing Claimant's petition because she had not filed her petition within three years from the date of her injury.[1]

Claimant appealed that determination to the Board, asserting that the WCJ had erred in applying the holdings in *Jeanes Hospital v. Workers' Compensation Appeal Board (Hass)*, 819 A.2d 131 (Pa. Cmwlth.2003), *rev'd*, 582 Pa. 405, 872 A.2d 159 (2005), and *Zippo Manufacturing Company v. Workers' Compensation Appeal Board (Louser)*, 792 A.2d 29 (Pa. Cmwlth.2002), to this case, because Claimant was not seeking to add later injuries, but to have the WCJ review the NCP for material mistakes.[2] In other words, Claimant asserted that the NCP was incorrect because, at the time of her original left elbow injury, she had sustained other contemporaneous work-related injuries that the NCP failed to reflect. The Board, without considering the basic legal question of whether the statute of limitations period applied to a petition to correct an NCP, vacated and remanded the WCJ's order. The Board directed the WCJ to make factual findings as to whether the new injuries Claimant sought to have added to the NCP arose consequentially from her work-related injuries or were injuries that existed at the time the NCP was issued (the latter of which may have rendered the NCP materially incorrect).

On remand, the WCJ conducted hearings and accepted additional evidence. Claimant's testimony indicated that, although the NCP only described an elbow injury, other parts of the left side of her body also sustained injuries at the time of her work-related injury, and, in fact, Employer's "Comp Services" treated those other areas of her body.

Ultimately, the WCJ issued a decision and order dated October 12, 2007, in which the WCJ summarized the testimony of Claimant and the medical testimony of her expert and Employer's expert. Without making any credibility determinations regarding the experts' testimony, the WCJ rendered the following factual findings relating to Claimant's injuries:

4. ... Claimant testified she injured her head, leg, back, hip, elbow and leg.... In March 2000, Claimant began treatment with Dr. McPhilemy for leg pain....

5. ... Dr. McPhilemy first saw Claimant on April 23, 1998. He obtained a history from Claimant that she injured her neck, left shoulder, and left elbow in the May 4, 1997 incident. He next saw her on November 2, 2000 for left leg pain. He diagnosed [her] as having lumbar arthritis and degenerative joint disease of the left knee. He opined that the degenerative disease was aggravated by the May 4, 1997 incident. Claimant underwent left knee replacement surgery on June 15, 2001. He released Claimant to work on December 13, 2001.

---

**1.** The transcript from the March 19, 2003 hearing before the WCJ indicates that the parties agreed to have the WCJ decide preliminarily the question of whether the three-year statute of limitations contained in the second paragraph of Section 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772, precluded Claimant's review/reinstatement petition and to defer consideration of the merits as dependent on the outcome of that legal issue.

**2.** The WCJ's August 5, 2003 decision does not refer to *Jeanes Hospital* or *Zippo*, but the above-noted hearing transcript indicates that those cases were discussed during the March 2003 hearing.

6. ... Dr. Mendez examined Claimant on November 20, 2006. He obtained a history from Claimant that she sustained a number of injuries on May 4, 1997. He reviewed records from Drs. Rubenstein, McPhilemy, Mandel, and Pharo. He noted Claimant had preexisting knee arthritis. He opined Claimant had sustained a cervical sprain/strain, left trapezius muscle strain, and epicondylitis of the left elbow. She had fully recovered from those injuries.

(R.R. at 182–83a.)

The WCJ, without complying with the Board's directive to determine whether the NCP was incorrect at the time it was issued, purported to apply the holding in our Supreme Court's decision in *Jeanes Hospital.* The WCJ then concluded that he should address Claimant's review petition "as an original claim Petition," and that, even if he accepted Claimant's testimony as credible, "she was required to file her petition within three years of the injury ... [and h]er failure to do so is fatal to her claim and her petition is time barred." (R.R. at 183a.)

Claimant again appealed to the Board, arguing that the WCJ had erred (1) by applying our Supreme Court's holding in *Jeanes Hospital* to her petition to review the NCP for a material mistake and (2) by failing to address the reinstatement aspects of her petition. The Board affirmed the WCJ's denial of Claimant's petition, noting that under *Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Korach),* 584 Pa. 411, 883 A.2d 579 (2005), "[w]hen an employee sustains *additional* injuries that result from the original harm, a petition for review should be filed within three years of the date of the most recent payment of compensation." (R.R. at 188a (emphasis added).) The Board then reasoned that, in light of the suspension of Claimant's benefits effective July 13, 1998, more than three years before she filed her petition, she did not file her petition in a timely manner.

■ Claimant appealed the Board's order to this Court,[3] raising the question of whether the Board erred in concluding that Claimant filed her review petition in an untimely manner. This Court issued an order directing the parties to submit additional memoranda of law addressing the question of whether the three year limitation period included in the second paragraph of Section 413 of the Act applied to both the first and second paragraph of that provision. Section 413 of the Act provides, in pertinent part, as follows:

A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before a workers' compensation judge, if it be proved that such notice of compensation payable or agree-

---

**3.** This Court's standard of review of an order of the Board dismissing a Claimant's petition seeking to correct alleged mistakes in an NCP is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. We acknowledge our Supreme Court's decision in *Leon E. Winter-myer, Inc. v. Workers' Compensation Appeal Board (Marlowe),* 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Wintermyer,* 571 Pa. at 203, 812 A.2d at 487.

ment was in any material respect incorrect.

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependant has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependant has changed: Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition ... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss of earnings does not result from the disability due to the injury.

In summary, the first paragraph of Section 413 of the Act, 77 P.S. § 771, provides that at any time a workers' compensation

judge is faced with a petition seeking to correct an incorrect NCP or in the course of any pending proceedings in which a party has raised the question of the accuracy of an NCP, he may review and modify or set aside an NCP. The question here is whether the WCJ's power under the first paragraph of Section 413 of the Act is constrained where a party does not present or raise such an issue in either a discrete correctional action or in another pending action "within three years of the most recent payment of compensation made prior to the filing of such petition."

▮ We begin by observing that, despite the fact that Section 413 of the Act encompasses both of the above-quoted paragraphs, the publisher of the unofficial statutes of Pennsylvania, West Publishing, elected to separate the two paragraphs into two distinct sections of the unofficial "Purdon's Pennsylvania Statutes Annotated," 77 P.S. § 771 and 77 P.S. § 772. Neither party has suggested, nor do we believe, that there is authority for accepting a private publisher's editorial decisions in carving up statutory provisions as a tool in statutory construction. Our General Assembly's rules of statutory construction—codified in the Statutory Construction Act of 1972 [4]—provide the primary resource for our endeavor to find the proper meaning of the statutory provision at issue. In engaging in statutory interpretation, we are guided primarily by the rule that "the object of interpretation and construction of statutes is to ascertain the intention of the General Assembly." [5]

Turning to a discussion of the precise language of Section 413 of the Act, we note that the first paragraph of Section 413 provides authority for a workers' compensation judge at any time to "review and

---

**4.** 1 Pa.C.S. §§ 1501–1991.

**5.** 1 Pa.C.S. § 1921.

modify or set aside" an NCP or "an original or supplemental agreement." Similarly, the second paragraph of Section 413 of the Act provides authority for a workers' compensation judge at any time to "modify, reinstate, suspend, or terminate" an NCP or an original or supplemental agreement. Of interest from a statutory interpretation perspective is the fact that the sentence in Section 413 containing the limitation period provision applies to the *review, modification,* or *reinstatement* of NCPs. Thus, this limitation provision refers to specific *actions* (review, modification, reinstatement) that a workers compensation judge *may otherwise be able to take* with regard to NCPs *but for* the untimely filing of a petition.

We view the General Assembly's election to impose a time limitation upon a workers' compensation judge's power to grant certain types of relief under Section 413 of the Act to be significant to our analysis. The General Assembly's iteration of the words (1) review, (2) modification, and (3) reinstatement limits the ability of a workers' compensation judge to *modify* and *reinstate* NCPs after the lapse of a three-year time period (words used in the second paragraph), but also limits a workers' compensation judge's ability to *review* an NCP. This use of the word "review" is significant because the General Assembly used that word only in the first paragraph of Section 413 of the Act and did not use it in the second paragraph of Section 413 of the Act. Thus, a reasonable interpretation of the limitation period is that it applies to both the first and second paragraph, thereby limiting a workers' compensation judge's power to *review* NCPs (as indicated by the use of that word in paragraph one) and to modify and reinstate NCPs (as indicated by the use of those words in paragraph two).

Claimant stresses the fact that paragraph one of Section 413 of the Act provides that a workers' compensation judge may review issues relating to the correctness of an NCP *at any time*; however, paragraph two of Section 413 of the Act also includes that language. Consequently, we do not regard that language as persuasive with regard to Claimant's favored interpretation.

Claimant also points out that while paragraph one of Section 413 of the Act enables a party to seek a corrective amendment to an NCP through a petition or during the process accompanying pending proceedings, the statute of limitations provision states that "no notice of compensation payable shall be reviewed ... unless a *petition* is filed with the department within three years after the date of the most recent payment of compensation." Claimant argues that because paragraph one of Section 413 of the Act allows a party to seek to have an incorrect NCP corrected through a means other than the filing of a petition, the General Assembly must not have intended for the limitation period to apply to proceedings seeking to correct an NCP. Claimant, however, ignores the entire sentence, which provides workers compensation judges with the power to amend NCPs during "the course of the proceedings *under any petition* pending before a workers' compensation judge." Thus, we do not view the use of the word "petition" as altering our conclusion regarding the application of the limitation provision to the whole of Section 413 of the Act.

In summary, the General Assembly intended that, when a party is seeking either to obtain relief through the correction of an NCP under paragraph one of Section 413 of the Act, or is seeking to add additional consequential injuries to a claimant's compensable, work-related injuries under paragraph two of Section 413 of the Act,

the party must file the petition within three years of the date of the most recent payment of compensation.

We note that although our Supreme Court in *Cinram Manufacturing, Inc. v. Workers' Compensation Appeal Board (Hill)*, 601 Pa. 524, 975 A.2d 577 (2009), recognized a distinction between the first and second paragraphs of Section 413 of the Act, the holding in that decision is not directly applicable in this case. In that decision, our Supreme Court considered whether its holding in *Jeanes Hospital*, which arose in the context of a claim of consequential injuries that did not exist at the time the original NCP was issued, applied to corrective NCP amendments under the first paragraph of Section 413 of the Act. The Supreme Court concluded that the holding in *Jeanes Hospital* that a claimant must file a review petition in order to obtain benefits for consequential injuries did not apply to a party's attempt to correct material mistakes in the description of a claimant's injuries that existed at the time the NCP was initially issued.

Although the Court in *Cinram* based its decision on the textual differences between paragraph one and paragraph two of Section 413 of the Act, the primary distinction upon which our Supreme Court relied was simply the less restrictive methods available under the specific language of paragraph one of Section 413 of the Act for seeking a corrective amendment as com-pared to the more restrictive method for seeking to have an employer and the compensation authorities recognize consequential injuries. The Supreme Court viewed the two paragraphs as distinguishable only for this purpose—the Court did not need to consider the question of whether the limitation provision contained in paragraph two of Section 413 of the Act applies to proceedings involving corrective NCP amendments.[6]

Because we have concluded for the reasons discussed above that the Board did not err in affirming the WCJ's dismissal of Claimant's review petition when Claimant did not file the petition seeking to amend the NCP within the statutory limitation period, we need not address her argument that she is entitled to a reinstatement of benefits under the last sentence of Section 413 of the Act for her additional injuries not accepted in the NCP.[7]

Accordingly, we affirm the Board's order.

### ORDER

AND NOW, this 16th day of July, 2010, the order of the Workers' Compensation Appeal Board is AFFIRMED.

---

6. We also hasten to point out that the limitation provision does not encompass suspension or termination actions, whereas the initial sentence of paragraph two refers to a workers' compensation judge's power to "modify, reinstate, suspend, or terminate." The General Assembly thereby reasonably signaled that the limitation period does not apply such as to preclude an employer's right to seek to terminate or suspend benefits.

7. Section 413 of the Act provides that a claimant whose disability benefits have been suspended is not barred by the limitation period from seeking reinstatement as long as the claimant seeks reinstatement within the 500 week total compensation period set forth in Section 306(a.2)(7) of the Act, added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(7), for partial disability benefits. Although Claimant's total disability benefits were suspended in 1998 based upon an agreement between her and Employer, she is not here seeking reinstatement for an alleged disability (loss of earning power) related to her identified left elbow work-related injury.