**PIZZA HUT, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MAHALICK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 2010.

Decided Jan. 20, 2011.

---

Robert P. Walter, Pittsburgh, for petitioner.

David J. Brosky, Carnegie, for respondent.

---

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Pizza Hut, Inc. (Employer) petitions for review of the April 29, 2010, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of the workers' compensation judge (WCJ) to deny Employer's termination petition, grant the petition of Katrina Mahalick (Claimant) to expand the description of the work injury and grant Claimant's utilization review (UR) petition. We affirm.

Claimant sustained a work-related injury on January 31, 2003, and, as a result, Employer paid Claimant workers' compensation benefits pursuant to a Notice of Compensation Payable (NCP) describing the work injury as a strain/sprain of the lower back. On July 23, 2003, the parties executed a supplemental agreement, which suspended Claimant's benefits as of March 26, 2003, based on her return to work without a loss of wages. (WCJ's Findings of Fact, Nos. 1–2.)

In May 2004, Claimant filed a petition to review a UR determination that some chiropractic treatment she received from Thomas A. Jodon, D.C., was not reasonable and necessary. On September 15, 2005, Employer filed a petition to terminate Claimant's benefits, alleging that Claimant was fully recovered from her work injury as of August 19, 2005. On December 16, 2006, Claimant filed a petition to review her medical treatment and/or billing, in which she sought to amend the description of her work injury to include "lower back bulging discs and facet arthropathy." The petitions were consolidated for disposition. (WCJ's Findings of Fact, Nos. 3–4, 6, 8.)

At the hearings, Claimant testified on her own behalf and presented the deposition testimony of Dr. Jodon, the deposition testimony of Robert B. Harris, Jr., M.D., and the deposition testimony of Roger S. Jaynes, D.C. Employer presented the deposition testimony of William D. Abraham, M.D. The WCJ also received into the record the UR report of Eric Auslander, D.C.

Claimant testified as follows. She sustained a work injury on January 31, 2003, when she slipped and fell on ice while making a pizza delivery. Claimant sought immediate treatment in a hospital emergency room and ongoing treatment elsewhere for pain in her head, neck, mid-back and lower back. Dr. Jodon provided chiropractic care until Claimant moved to South Carolina in May 2004. While in South Carolina, Claimant began working for Lockheed Martin and began receiving chiropractic care from Dr. Jaynes. In June 2006, Claimant sought additional medical care for her pain from Dr. Harris, who, on June 22, 2006, had Claimant undergo a lumbar MRI.

In the UR report, Dr. Auslander found the chiropractic care that Dr. Jodon provided to Claimant was reasonable and necessary only up to February 23, 2004. Dr. Auslander explained that conservative chiropractic methodologies had been given a fair and ample opportunity to that date, but, after numerous treatments, Claimant's subjective complaints had not changed. This indicated to Dr. Auslander that Dr. Jodon's chiropractic treatment was not further warranted. (WCJ's Findings of Fact, No. 16.)

Dr. Jodon testified on behalf of Claimant that all of the chiropractic treatment he provided, which included spinal adjustments, manual massage and traction, was reasonable and necessary because, if Claimant had discontinued those treatments, it could have caused a regression in

her condition and interfered with her ability to perform her job duties. (WCJ's Findings of Fact, No. 17.)

Dr. Harris testified on behalf of Claimant that, when Claimant first sought his medical care in June 2006, Claimant complained of pain in her lumbar area, the middle thoracic area and the upper thoracic area of her back. He sent Claimant for an MRI on June 22, 2006, which revealed the presence of bulging discs and facet arthropathy in her lower back. Dr. Harris opined that those conditions are causally related to the trauma that Claimant sustained when she fell on January 31, 2003. (WCJ's Findings of Fact, No. 18.)

Dr. Jaynes testified on behalf of Claimant that he treated her from January 2005 through October 4, 2006, and that his treatment goals were to provide her with lower back pain relief so that she could continue working. Dr. Jaynes opined that all of his treatment was reasonable and necessary. Dr. Jaynes also stated that the June 2006 MRI result, showing disc bulging, was consistent with Claimant's symptoms. (WCJ's Findings of Fact, No. 19.)

Dr. Abraham testified on behalf of Employer that he evaluated Claimant on August 19, 2005. Dr. Abraham stated that he could not find any objective evidence of ongoing pathology related to injuries that Claimant sustained from her slip and fall on January 31, 2003. The doctor opined that Claimant sustained only soft tissue cervical, thoracic and lumbar strains and that Claimant had fully recovered from those injuries. In addition, Dr. Abraham testified that Claimant did not require ongoing chiropractic care and that Claimant was physically capable of working without restriction. The doctor acknowledged that: (1) he only saw Claimant on one occasion; (2) Claimant did complain of pain; and (3) he was not aware that Claimant had sustained any other injuries before or after January 31, 2003. With respect to the June 2006 MRI, Dr. Abraham testified that it would qualify as normal because the abnormalities are commonly seen in the general population. (WCJ's Findings of Fact, Nos. 20–21.)

After considering the evidence, the WCJ rejected the testimony of Dr. Abraham and found that Claimant has not fully recovered from her work injury. (WCJ's Findings of Fact, No. 22.) The WCJ also found that all of the chiropractic treatment provided by Dr. Jodon was reasonable and necessary. (WCJ's Findings of Fact, No. 23.) Finally, the WCJ found that Claimant sustained disc bulging and facet arthropathy as part of her work injury; thus, the WCJ expanded the description of the work injury to include those problems. (WCJ's Findings of Fact, No. 25; WCJ's Order.) Employer appealed to the WCAB, which affirmed. Employer now petitions this court for review.[1]

Employer argues that the WCAB erred in affirming the WCJ's decision to expand the description of Claimant's work injury. Employer contends that the petition filed by Claimant in that regard was time-barred under *Fitzgibbons v. Workers' Compensation Appeal Board (City of Philadelphia)*, 999 A.2d 659 (Pa.Cmwlth.2010), because she failed to file it within three years of the last payment of compensation. We disagree.

Section 413 of the Workers' Compensation Act (Act)[2] provides, in pertinent part, as follows:

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or **in the course of the proceedings under any petition pending before such workers' compensation judge,** if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or any award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.... Provided, That, except in the case of eye injuries, **no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition....** And provided further, That **where compensation has been suspended** because the employe's earnings are equal to or in excess of his wages prior to the injury that **payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable,** unless it be

shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. §§ 771–772 (emphasis added).

In *Fitzgibbons,* this court pointed out that the first paragraph of section 413 applies when a party is seeking to correct an NCP to add injuries that existed at the time the NCP was issued, and the second paragraph applies when a party is seeking to expand the description of the work injury to include consequential injuries, i.e., injuries that occurred as a result of the work injury after issuance of the NCP. 999 A.2d at 663–64. This court held that, in either case, a petition must have been filed within three years of the most recent payment of compensation. *Id.*

Here, the first paragraph applies because Claimant is seeking to correct the NCP by adding injuries that occurred on January 31, 2003, and, thus, existed at the time the NCP was issued. Because the parties executed a supplemental agreement suspending benefits for Claimant as of March 26, 2003, a petition had to be filed by March 26, 2006, three years from the last payment of benefits. Claimant did not file her petition to expand the description of the work injury until December 16, 2006. However, Employer filed its petition to terminate Claimant's benefits on September 15, 2005, within the three-year period.

In *Cinram Manufacturing, Inc. v. Workers' Compensation Appeal Board (Hill),* 601 Pa. 524, 534, 975 A.2d 577, 583 (2009), our supreme court held that a WCJ may correct an NCP during a termination proceeding under section 413 of the Act without the claimant filing a separate petition to support a corrective amendment. Because it was not necessary for Claimant to file a separate petition and because

**2.** Act of June 2, 1915, P.L. 736, *as amended,*  77 P.S. §§ 771–772.

Employer filed its termination petition within three years of the last payment of benefits, the WCAB did not err in affirming the WCJ's expansion of the description of Claimant's work injury.

Accordingly, we affirm.[3]

## ORDER

AND NOW, this 20th day of January, 2011, the order of the Workers' Compensation Appeal Board, dated April 29, 2010, is hereby affirmed.

**3.** Employer also argues that, assuming that the WCJ erred in expanding the description of Claimant's work injury, the record lacks substantial evidence to support the WCJ's decisions with respect to the termination petition and UR petition. Because we have concluded that the WCJ did not err in expanding the description of Claimant's work injury, Employer cannot prevail on these arguments.