Dora Marcusky,             :
                             :
           Petitioner      :
                             :
           v.              :     No. 56 C.D. 2017
                             :     Submitted:  September 8, 2017
Workers' Compensation Appeal     :
Board (Williamsport Area School    :
District),                  :
                             :
           Respondent   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**             **FILED:  October 13, 2017**

Dora Marcusky (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that held that her claim for specific loss injury benefits under the Workers' Compensation Act (Act)[1] was barred by the three-year statute of limitations contained in Section 413(a) of the Act, 77 P.S. §§ 771-772.  We affirm.

Claimant suffered an injury on January 29, 2009, in her work for Williamsport Area School District (Employer).  (Record Item (R. Item) 6, Workers' Compensation Judge (WCJ) Decision, Findings of Fact (F.F.) ¶¶5, 15; R.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

Item 13, Employer Ex. 1, Reproduced Record (R.R.) at 10a, 12a.)  Employer issued a Notice of Compensation Payable (NCP) describing this work injury as a "neck strain/sprain" and the description of the work injury was subsequently expanded to include a "herniated cervical disk at C6-7 on the right side."  (R. Item 6, WCJ Decision, F.F. ¶¶5-6, 15; R. Item 13, Employer Ex. 1, R.R. at 10a-13a.)  On May 14, 2009, Claimant had surgery to treat the herniated cervical disk.  (R. Item 6, WCJ Decision, F.F. ¶¶10-11, 15; R. Item 14, Employer Ex. 2.)  On August 28, 2009, Claimant returned to work at no loss of income and Claimant's disability benefits were suspended.  (R. Item 6, WCJ Decision, F.F. ¶¶9, 12, 15; R. Item 13, Employer Ex. 1, R.R. at 10a, 12a.)

Section 413(a) of the Act provides the following time limitations for petitions for modification, review and reinstatement of compensation benefits:

> [E]xcept in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition. … [P]rovided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. § 772.  The period for which compensation for partial disability is payable is 500 weeks.  Section 306(b)(1) of the Act, 77 P.S. § 512(1).

On February 9, 2016, more than six years after her compensation benefits were suspended, Claimant filed a petition to modify and review benefits, seeking specific loss disfigurement benefits for a scar from her 2009 surgery.  (R.

Item 6, WCJ Decision, F.F. ¶15; R. Item 2, Petition to Modify and Review Compensation Benefits, R.R. at 3a-5a.) Employer asserted in its answer that Claimant's petition for specific loss benefits was time-barred because it was filed more than three years after the last payment of compensation benefits. (R. Item 5, Employer's Answer to Petition to Modify and Review, R.R. at 6a.)

On May 13, 2016, the WCJ issued a decision granting Claimant's petition, finding that Claimant suffered a permanent three-inch scar on the back of her neck as the result of her 2009 surgery, and awarding her 30 weeks of benefits for disfigurement under Section 306(c)(22) of the Act, 77 P.S. § 513(22). (R. Item 6, WCJ Decision, F.F. ¶¶10, 14, 15, Conclusions of Law (C.L.) ¶¶2, 7 & Order ¶¶1-2.) The WCJ recognized that Claimant's petition was filed more than three years after she last received compensation benefits, but held that it was not time-barred because it was filed within 500 weeks of the date that benefits were suspended. (*Id.*, C.L. ¶¶3-6.) Employer appealed the WCJ's decision to the Board. The Board, on December 22, 2016, reversed the WCJ's decision, concluding that the three-year limitation period barred Claimant's petition and that the 500-week limitation relied on by the WCJ was inapplicable. (R. Item 9, Board Opinion at 2-7.)

On appeal to this Court,[2] Claimant argues that because her benefits had been suspended, her petition to add specific loss benefits was subject to the 500-week limitation period. We do not agree.

---

[2] Our review of a Board order holding that a claimant's petition is time-barred is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence or whether constitutional rights were violated. *Fitzgibbons v. Workers' Compensation Appeal Board (City of Philadelphia)*, 999 A.2d 659, 661 n.3 (Pa. Cmwlth. 2010) (*en banc*).

Where a review or modification petition seeks to add a new injury that resulted from the claimant's accepted work-related injuries, the three-year limitation of Section 413(a) applies and bars the new claim if no petition was filed within three years after the date that the claimant last received compensation benefits. *Dillinger v. Workers' Compensation Appeal Board (Port Authority of Allegheny County)*, 40 A.3d 748, 752-53 (Pa. Cmwlth. 2012); *Fitzgibbons v. Workers' Compensation Appeal Board (City of Philadelphia)*, 999 A.2d 659, 663-64 (Pa. Cmwlth. 2010) (*en banc*); *Kelley v. Workers' Compensation Appeal Board (Standard Steel)*, 919 A.2d 321, 325-27 (Pa. Cmwlth. 2007).

> [W]hen a party is seeking either to obtain relief through the correction of an NCP under paragraph one of Section 413 of the Act, or is seeking to add additional consequential injuries to a claimant's compensable, work-related injuries under paragraph two of Section 413 of the Act, the party must file the petition within three years of the date of the most recent payment of compensation.

*Fitzgibbons*, 999 A.2d at 663-64. This three-year statute of limitations applies to the type of modification and review petition that Claimant filed here, a petition for specific loss benefits for disfigurement from a scar due to surgery for the accepted work injury. *Kelley*, 919 A.2d at 325-27 (claim for specific loss benefits for neck scar barred because no petition was filed within three years of date that claimant's benefits were suspended).

The fact that Claimant's benefits were suspended due to a return to work does not change this. The exception in Section 413(a) that "payments under the agreement or award may be resumed at any time during the [500-week] period for which compensation for partial disability is payable" applies only to claims for a worsening of the accepted work injury after the suspension of benefits and

4

increased disability from the accepted work injury. *Dillinger*, 40 A.3d at 753; *Fitzgibbons*, 999 A.2d at 664 n.7. It does not permit the addition of conditions distinct from the accepted work injury more than three years after the last payment of compensation. *Dillinger*, 40 A.3d at 753; *Fitzgibbons*, 999 A.2d at 664 n.7. In *Fitzgibbons*, this Court, *en banc*, held that the 500-week limitation period did not apply and that the claimant's review and reinstatement petition filed in 2002 was barred by the three-year statute of limitations, even though claimant's disability benefits were suspended in 1998 based on her return to work at no loss of earnings, because "she is not here seeking reinstatement for an alleged disability (loss of earning power) related to her identified left elbow work-related injury." *Fitzgibbons*, 999 A.2d at 659-60, 664 n.7. Contrary to Claimant's contention, a scar from surgery for her accepted work injury is a distinct, additional injury not encompassed by the accepted work injury. *Kelley*, 919 A.2d at 326.

Moreover, the language of the 500-week limitation period on its face does not extend the statute of limitations for all modification or review petitions simply because benefits have been suspended due to a return to work. Rather, the language providing that "payments <u>under the agreement or award</u> may be <u>resumed</u> at any time during the period for which compensation for partial disability is payable, unless it be shown that the <u>loss in earnings</u> does not result from the <u>disability due to the injury</u>," 77 P.S. § 772 (emphasis added), refers to the resumption of previously recognized or awarded benefits where the reason for the suspension, the return to work at no loss of earnings, is no longer present. Here, there is no claim or evidence that the scar affects Claimant's ability to work or that Claimant has suffered any loss of earnings. Nor is there any claim or evidence that the scar arose more than three years after Claimant's benefits were suspended.

5

The cases on which Claimant relies, *Faulkner Cadillac v. Workers' Compensation Appeal Board (Tinari)*, 831 A.2d 1248 (Pa. Cmwlth. 2003), and *Romanowski v. Workers' Compensation Appeal Board (Precision Coil Processing)*, 944 A.2d 127 (Pa. Cmwlth. 2008), are distinguishable. In *Faulkner Cadillac*, the claimant's loss of use of his hands was a progressive worsening of the accepted chemical burn injury that affected his ability to work after the suspension of benefits, not a distinct condition with no effect on Claimant's earning power. 831 A.2d at 1250-51, 1254. In *Romanowski*, the claimant's petition sought reinstatement of benefits due to worsening of the injury and decreased earning capacity and the Court ruled that the petition, which was filed after both the three-year and 500-week periods expired, was barred by the time limitations in Section 413(a). 944 A.2d at 128, 130-31.

Because the Board correctly concluded that Claimant's modification and review petition was time-barred, the order of the Board is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dora Marcusky,                                    :
                                                  :
                        Petitioner                :
                                                  :
            v.                                    :   No. 56 C.D. 2017
                                                  :
Workers' Compensation Appeal                      :
Board (Williamsport Area School                   :
District),                                        :
                                                  :
                        Respondent                :

# **O R D E R**


            AND NOW, this 13th day of October, 2017, the order of the Workers'

Compensation Appeal Board in the above matter is affirmed.


                                   _____

                                   JAMES GARDNER COLINS, Senior Judge