# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Benyo,  :
                Petitioner  :
                    :
          v.  :  No. 1694 C.D. 2018
                    :  SUBMITTED: September 9, 2019
Workers' Compensation Appeal Board  :
(Hazle Township Supervisors),  :
                Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: October 2, 2019**


Mark Benyo (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed, in part, the order of a Workers' Compensation Judge (WCJ). The WCJ had partially granted a review petition in which Claimant sought to add additional injuries to those accepted in a medical-only Notice of Compensation Payable (NCP). We agree with the Board's determination that the review petition was time-barred under the three-year statute of limitations found in Section 413 of the Workers' Compensation Act (Act),[1] and, therefore, affirm.

The relevant background is as follows. In 1995, Hazle Township Supervisors (Employer) hired Claimant. While driving a work truck and plowing snow in October 2011, Claimant sustained injuries when he hit a storm grate and/or

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 771-772.

the curb thereby hitting his head and jarring his body. (Finding of Fact "F.F." No. 1.) Claimant did not miss any time from work due to his injuries and has continued to work full-time for Employer with limitations. (F.F. Nos. 4b and 10.) Consequently, he received no disability benefits. In March 2015, Employer issued a medical-only NCP acknowledging that Claimant sustained work-related injuries in the nature of cervical, thoracic, and lumbar strains during the October incident. (*Id*.) In August 2016, Employer filed two essentially identical termination petitions alleging that Claimant had fully recovered as of June 6, 2016. (F.F. No. 2.) In December 2016, Claimant filed the review petition at issue seeking to correct the accepted injury description to add head and spinal injuries. (F.F. No. 3.) Notably, both parties filed their respective petitions approximately five years after the date-of-injury. The WCJ denied the termination petitions, but granted the review petition in part, directing that the NCP be amended to the extent of adding a head injury with headaches and concussive symptoms. The Board reversed the partial grant of the review petition and affirmed the denial of the termination petitions. Claimant's petition for review with respect to the review petition followed.

On appeal, we consider whether the Board erred in determining that Claimant's review petition seeking to correct the injury description was time-barred under the three-year statute of limitations found in Section 413 of the Act. Where, as here, a party seeks to correct an NCP to add injuries that existed at the time of issuance but were not listed, the first paragraph of Section 413 applies. *Fitzgibbons v. Workers' Comp. Appeal Bd. (City of Phila.)*, 999 A.2d 659, 663-64 (Pa. Cmwlth. 2010). That first paragraph provides:

> A [WCJ] may, at any time, review and modify or set aside [an NCP] and an original or supplemental agreement or upon petition filed by either party with the department, or *in the course of the proceedings under any petition*

*pending before such [WCJ]*, if it be proved that such [NCP] or agreement was in any material respect incorrect.

77 P.S. § 771 (emphasis added). A claimant has three years from either the date-of-injury or the last payment of compensation to file a review petition or it is untimely. *Sloane v. Workers' Comp. Appeal Bd. (Children's Hosp. of Phila.)*, 124 A.3d 778, 785 (Pa. Cmwlth. 2015); *Fitzgibbons*, 999 A.2d at 663-64. Where, as here, no disability compensation was paid, the date-of-injury controls.[2] *Sloane*, 124 A.3d at 785.

In the present case, Claimant acknowledges the foregoing law. However, he argues that Employer's termination petition should serve as a *de facto* expansion of the relevant time period for his otherwise untimely review petition. In support, he cites *Pizza Hut, Inc. v. Workers' Compensation Appeal Board (Mahalick)*, 11 A.3d 1067, 1070 (Pa. Cmwlth. 2011). In *Mahalick*, the claimant filed a petition to correct an NCP by expanding the description of her work injury more than three years after the last payment of compensation. However, because the employer filed its termination petition within three years of the last payment of compensation, we held that the Board did not err in affirming the WCJ's expansion of the description of the work injury set forth in the NCP during the termination petition proceeding. In other words, the WCJ could correct the NCP during the course of the termination proceeding because the employer filed its termination petition within the relevant time period.

We reject Claimant's invitation to expand the holding in *Mahalick* to provide that a claimant may seek amendment of the description of a work injury when a termination petition is pending *irrespective* of whether that petition was filed

---

[2] The payment of medical costs does not constitute compensation for purposes of tolling the three-year statute of limitations for review petitions. *Seekford v. Workers' Comp. Appeal Bd. (R.P.M. Erectors)*, 909 A.2d 421 (Pa. 2006).

within the three-year statute of limitations.  In accordance with the Act and consistent with judicial precedent, a claimant seeking expansion of the nature of the work injury must do so "in the course of the proceedings under *any* petition pending before such [WCJ]"[3] within three years of the last payment of compensation or the date-of-injury.  *Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577, 583 (Pa. 2009); *Dillinger v. Workers' Comp. Appeal Bd. (Port Auth. of Allegheny Cty.)*, 40 A.3d 748, 753 (Pa. Cmwlth. 2012); *Mahalick*, 11 A.3d at 1070-71; *Fitzgibbons*, 999 A.2d at 663-64.  Notably, a claimant need not file a separate petition to support a corrective amendment.  *Cinram*, 975 A.2d at 583.  Nonetheless, principles of fairness and due process apply.  *See Sloane*, 124 A.3d at 787 (holding that there must be notice of the theory of relief and an opportunity to respond).

Claimant also posits an issue as to whether limiting his ability to seek expansion of the injury description to three years from the date-of-injury deprives him of the right to a remedy in due course of law in violation of Article I, Section 11 of the Pennsylvania Constitution providing, in pertinent part, that "[a]ll courts shall be open; and every man for an injury done him in his . . . person . . . shall have remedy by due course of law . . . ."  In support, he maintains  that Section 413 of the Act, "as currently applied" in cases such as *Westinghouse Electric Corp./CBS v. Workers' Compensation Appeal Board (Korach)*, 883 A.2d 579 (Pa. 2005), and its progeny "wrongly negates and deprives injured workers' access to . . . the remedy of equitable estoppel to protect the injured worker's vested right to a cause of action (a Review Petition) when an employer has willingly made medical payments in the absence of a formal acceptance of a given condition."  (Claimant's Brief at 24.)  In *Korach*, the Supreme Court addressed equitable estoppel principles in the workers' compensation arena and, *inter alia*, outlined when an employer's conduct would

---

[3] 77 P.S. § 771 (emphasis added).

4

induce another to believe certain facts to exist such that the statute of limitations would be tolled.

Employer maintains that Claimant waived this issue by failing to raise it below at *all* levels and we agree. While it is true that facial challenges to a statute's constitutionality need not be raised before the administrative tribunal in order to be reviewed by an appellate court, challenges to a statute's application must be raised before the agency or are waived for appellate review. *Lehman v. Pa. State Police*, 839 A.2d 265, 276 (Pa. 2003); *Bacon v. Pa. State Police*, 164 A.3d 563, 575 (Pa. Cmwlth. 2017). Here, Claimant's constitutional claim relates to the application of the Act's time limitations to his case rather than a facial challenge to the statute.[4]

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[4] In any event, there is no indication that Claimant was ignorant of any connection between an alleged head injury and the 2011 accident before the expiration of the statute of limitations that would have precluded him from filing a timely review petition. "[T]he NCP in this case states Claimant hit his head in the October 29, 2011 incident, and the injury was apparently significant enough to warrant a CT scan of the head that was performed within 48 hours afterward . . . ." (F.F. No. 14.) Moreover, there is no indication that Employer misled Claimant into believing that a head injury was an accepted injury. As the WCJ found, Claimant declined one doctor's offer of treatment for headaches under the belief that they were not covered as an accepted injury. (F.F. No. 6f.) Consequently, even if Claimant had preserved the issue, his position is without merit. *See Korach*, 883 A.2d at 587 (where there was no record evidence to demonstrate that the employer attempted to lure the claimant into thinking psychiatric treatment was included within the sphere of its responsibility nor anything in the employer's conduct that would have prevented the claimant from filing a petition to amend the NCP, Commonwealth Court erred in concluding that doctrine of equitable estoppel tolled the limitations period).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Benyo,                              :
                Petitioner        :
                              :
          v.                             :   No. 1694 C.D. 2018
                              :
Workers' Compensation Appeal Board    :
(Hazle Township Supervisors),            :
                Respondent       :

# **O R D E R**

AND NOW, this 2nd day of October, 2019, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge