Matthew Grow, :
    Petitioner :
        :
    v. :
        :
PECO Energy Company (Workers' :
Compensation Appeal Board), : No. 63 C.D. 2024
    Respondent : Submitted: December 9, 2024

BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE LORI A. DUMAS, Judge

OPINION BY
JUDGE COVEY          FILED: January 8, 2025

    Matthew Grow (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) January 3, 2024 order reversing the WC Judge's (WCJ) decision that granted Claimant's Petition to Review WC Benefits (Review Petition) and Petition to Reinstate WC Benefits (Reinstatement Petition) (collectively, Petitions). Claimant presents one issue for this Court's review: whether the Board erred by reversing the WCJ's decision on the basis that the Petitions were time-barred by Section 413(a) of the WC Act (Act),[1] 77 P.S. § 772. After review, this Court affirms.

    On November 4, 2013, Claimant injured his neck in the course and scope of his employment with PECO Energy Company (Employer) as a lineman apprentice and underwent disc fusion surgery that day. Employer issued a Notice of Compensation Payable (NCP) accepting Claimant's work injury as contusions and

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

fractures at C3-C4. *See* Reproduced Record (R.R.) at 3a, 12a. Claimant remained off work until January 10, 2014, when he returned to work with no loss of earnings. Employer paid Claimant temporary total disability benefits during the time he was out of work. Claimant received his last compensation payment on January 8, 2014. On January 13, 2014, Employer issued a Notice of Suspension stopping Claimant's indemnity benefits.

In the summer of 2015, Claimant began experiencing muscle stiffness and decreased mobility when moving his head up and down and left to right, for which he undertook effective chiropractic treatments. In 2020, Claimant developed right shoulder issues for which he underwent surgery that resolved them. In 2021, Claimant started to experience left upper extremity symptoms. Following conservative treatments that did not afford him meaningful relief, Claimant underwent cervical disc replacement surgery at C6-C7 conducted by orthopedic surgeon Mark S. Eskander, M.D. (Dr. Eskander), on December 22, 2021.[2] Claimant followed up with therapy but claimed that, over time, his symptoms again increased, so he did not return to work.[3] On August 29, 2022, Claimant returned to work for Employer in a less physically demanding position as a construction design consultant. Although Claimant's new position resulted in a reduction in pay from his lineman job, he was earning more than his pre-injury wage.

On January 4, 2022, Claimant filed the Petitions. Claimant alleged in the Reinstatement Petition that he became disabled again when he underwent cervical disc replacement surgery at C6-C7 on December 22, 2021 related to his work injury. *See* R.R. at 3a. In the Review Petition, Claimant sought to amend his accepted work injury, declaring that the NCP's injury description was "not

---

[2] Claimant's incision for the December 2021 surgery was one and one-half to two inches below the incision from his November 2013 surgery.

[3] During this time, Claimant received bi-weekly short-term disability benefits.

2

correct[,]" as it should include adjacent level disc syndrome requiring disc replacement at C6-C7. *Id*.; *see also* R.R. at 12a. Claimant further referenced in the Review Petition his desire to "preserv[e] his right to allege a disfigurement on his neck from the [December 22, 2021] surgery." *Id*. Employer filed responses denying the allegations in the Petitions.

The WCJ conducted hearings on February 1, June 14, and August 16, 2022. At the hearings, Employer argued, *inter alia*, that the Petitions were barred by the three-year limitations period set forth in Section 413(a) of the Act. On February 3, 2023, the WCJ granted the Petitions, concluding that Claimant timely filed them "within the 500[-]week period of [s]uspension[.]" WCJ Dec. at 4 (R.R. at 13a). Employer appealed to the Board, which reversed the WCJ's decision on the basis that the Petitions were time-barred by Section 413(a) of the Act. Claimant appealed to this Court.[4]

Claimant argues that the Board erred by reversing the WCJ's decision on the basis that the Petitions were time-barred by Section 413(a) of the Act. The first paragraph of Section 413(a) of the Act states:

> A [WCJ] may, at any time, review and modify or set aside a[n NCP] . . . or upon petition filed by either party with the [D]epartment [of Labor and Industry (Department)], or in the course of the proceedings under any petition pending before such [WCJ], if it be proved that such [NCP] . . . was in any material respect incorrect.

---

[4] This Court's "review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *DiLaqua v. City of Phila. Fire Dep't (Workers' Comp. Appeal Bd.)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021) (quoting *Bristol Borough v. Workers' Comp. Appeal Bd. (Burnett)*, 206 A.3d 585, 595 n.6 (Pa. Cmwlth. 2019)). When an "appeal requires [this Court] to interpret statutory provisions[,] . . . it presents a pure question of law over which our standard of review is *de novo* and our scope of review is plenary." *City of Phila. Fire Dep't v. Workers' Comp. Appeal Bd. (Sladek)*, 195 A.3d 197, 207 (Pa. 2018) (italics added).

3

77 P.S. § 771. The second paragraph of Section 413(a) of the Act provides, in relevant part:

> A [WCJ] designated by the [D]epartment may, at any time, modify, reinstate, suspend, or terminate a[n NCP], . . . upon petition filed by either party with the [D]epartment, upon proof that the disability[5] of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. . . . Provided, That **no** [**NCP**] . . . **shall be reviewed**, **or modified**, **or reinstated**, **unless a petition is filed with the [D]epartment within three years after the date of the most recent payment of compensation**[6] **made prior to the filing of such petition**. . . . And, provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury[,] that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable,[7] unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. § 772. The first paragraph of Section 413(a) of the Act applies when a claimant seeks to correct a material mistake or inaccuracy in an NCP's injury description, while the second paragraph applies when a claimant experiences an increase, decrease, recurrence, or cessation of disability. *See Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577 (Pa. 2009).

This Court has ruled that, although addressed separately, the limitations period in the second paragraph of Section 413(a) of the Act applies to petitions to

---

[5] "Disability is the loss of earnings or earning power that is caused by a work-related injury." *Kurpiewski v. Workers' Comp. Appeal Bd. (Caretti, Inc.)*, 202 A.3d 870, 880 (Pa. Cmwlth. 2019).

[6] "The payment of medical costs does not constitute 'compensation' for purposes of tolling the statute of limitations in Section 413(a) of the Act." *Seekford v. Workers' Comp. Appeal Bd. (R.P.M. Erectors)*, 909 A.2d 421, 428 n.12 (Pa. Cmwlth. 2006).

[7] Section 306(b)(1) of the Act specifies that WC for partial disability is payable "for not more than [500] weeks." 77 P.S. § 512(1).

4

review, modify, and reinstate NCPs. *See Fitzgibbons v. Workers' Comp. Appeal Bd. (City of Phila.)* (en banc), 999 A.2d 659 (Pa. Cmwlth. 2010). Thus,

> when a party is seeking either to obtain relief through the correction of an NCP under paragraph one of Section 413[(a)] of the Act, or is seeking to add additional[,] consequential injuries to a claimant's compensable, work-related injuries under paragraph two of Section 413[(a)] of the Act, the party must file the petition within three years of the date of the most recent payment of compensation.

*Fitzgibbons*, 999 A.2d at 663-64; *see also id*. at 663 (The "limitation provision refers to specific *actions* (review, modification, reinstatement) that a [WCJ] *may otherwise be able to take* with regard to NCPs *but for* the untimely filing of a petition."); *Leeper v. Logan Iron & Steel Co.*, 198 A. 489, 492 (Pa. Super. 1938) (Section 413 of the Act's "primary function is to provide for changes which may have occurred in the physical condition of an injured employee after a prior agreement or award had been made, suspended, or terminated, if such changes develop within the specified time limitations").

In concluding that Claimant timely filed the Petitions, the WCJ in the instant matter declared:

> 10. [Employer] makes an initial argument that this matter is barred by the three[-]year statute of limitations under Section 413(a) paragraph 2 of the . . . Act[,] as well as *Westinghouse Electric Corp.[/]CBS v. W[orkers'] C[ompensation] A[ppeal] B[oard] (Korach)*, [88]3 A[.]2d[] 579 (P[a.] 2005). [The WCJ] note[s] that this interpretation of the [s]tatute of [l]imitations was rejected by [our] Supreme Court in *Cozzone v. W[orkers'] C[ompensation] A[ppeal] B[oard] ([Pa. Municipal/]East Goshen Township[)]*, 73 A.3d 526 (P[a.] 2013). In *Cozzone*[,] the [Pennsylvania Supreme] Court state[d:]
>
> > We hold that the Commonwealth Court's interpretation of Section 413(a) [of the Act] as automatically barring all post-500[-]week/post-suspension claims for total disability is mistaken,

5

> as the limitations periods set forth in [S]ection 413(a) [of the Act] are to be construed and considered concurrently. The provisions of Section 413(a) [of the Act] stand together, not in opposition to one another, and the effect must be given to both as far as possible.
>
> [*Id.* at 540.]
>
> 11. Thus, Claimant had until [3] years after the expiration of his 500[-]week suspension to file his [Reinstatement] Petition . . . . In this case, he filed his [Reinstatement] Petition within the 500[-]week period of [s]uspension and, thus, was well within the statute of limitations when he filed [it]. *See also*[] *USX Corp*[.] [*f/k/a U.S. Steel Corp.*] *v. W*[*orkmen's*] *C*[*omp.*] *A*[*ppeal*] *B*[*d.*] *(Guthrie)*, 571 A.2d 1112[] (Pa. Cmwlth. 1990).

WCJ Dec. at 3-4 (R.R. at 12a-13a).

However, in *Marcusky v. Workers' Compensation Appeal Board (Williamsport Area School District)* (Pa. Cmwlth. No. 56 C.D. 2017, filed Oct. 13, 2017),[8] an injured claimant returned to work without a loss of income and the employer suspended her benefits in 2009. Six years later, the claimant filed a petition to review and modify her WC benefits to include scarring from her work-related 2009 surgery. Despite the employer's argument that the petition was time-barred under Section 413(a) of the Act, the WCJ granted the petition, declaring that the claimant timely filed it within 500 weeks of the date the employer suspended the claimant's benefits. On appeal, the Board reversed, concluding that the petition was not timely filed.

On further appeal, this Court affirmed the Board's order, explaining:

> **Where a review** or modification **petition seeks to add a new injury that resulted from the claimant's accepted**

---

[8] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. The unreported cases herein are cited for their persuasive value.

**work-related injuries**, **the three-year limitation of Section 413(a) [of the Act] applies and bars the new claim if no petition was filed within three years after the date that the claimant last received compensation benefits**. *Dillinger v. Workers' Comp*[.] *Appeal B*[*d.*] *(Port Auth*[.] *of Allegheny C*[*nty.*], 40 A.3d 748, 752-53 (Pa. Cmwlth. 2012); *Fitzgibbons* . . . ; *Kelley v. Workers' Comp*[.] *Appeal B*[*d.*] *(Standard Steel)*, 919 A.2d 321, 325-27 (Pa. Cmwlth. 2007).

> [**W**]**hen a party** is seeking either to obtain relief through the correction of an NCP under paragraph one of Section 413 of the Act, or **is seeking to add additional**[,] **consequential injuries to a claimant's compensable**, **work-related injuries under paragraph two of Section 413 of the Act**, **the party must file the petition within three years of the date of the most recent payment of compensation**.

*Fitzgibbons*, 999 A.2d at 663-64. . . .

The fact that [the c]laimant's benefits were suspended due to a return to work does not change this. **The exception in Section 413(a) [of the Act]** that "payments under the agreement or award may be resumed at any time during the [500-week] period for which compensation for partial disability is payable" applies only to claims for a worsening of the accepted work injury after the suspension of benefits and increased disability from the accepted work injury. *Dillinger*, 40 A.3d at 753; *Fitzgibbons*, 999 A.2d at 664 n.7. It **does not permit the addition of conditions distinct from the accepted work injury more than three years after the last payment of compensation**. *Dillinger*, 40 A.3d at 753; *Fitzgibbons*, 999 A.2d at 664 n.7. In *Fitzgibbons*, this Court, en banc, held that the 500-week limitation period did not apply and that the claimant's review and reinstatement petition[s] filed in 2002 [were] barred by the [3]-year statute of limitations, even though [the] claimant's disability benefits were suspended in 1998[,] based on her return to work at no loss of earnings, because "she is not here seeking reinstatement for an alleged disability (loss of earning power) related to her identified left elbow work-

related injury." *Fitzgibbons*, 999 A.2d at 659-60, 664 n.7.
. . .

. . . . [**T**]**he language providing that** "**payments** under the agreement or award **may be** **resumed** **at any time during the period for which compensation for partial disability is payable**, **unless it be shown that the** loss in earnings **does not result from the** disability due to the injury," 77 P.S. § 772 (emphasis added), **refers to the resumption of previously recognized or awarded benefits where the reason for the suspension**, the return to work at no loss of earnings, **is no longer present**.

*Marcusky*, slip op. at 4-5 (bold emphasis added).

Applying the *Marcusky* Court's reasoning in the instant matter, the Board reversed the WCJ's decision, stating:

A petition to correct an NCP or to add consequential injuries must be filed within three years of the date of the most recent payment of compensation. *Fitzgibbons* . . . . The exception which allows filing for reinstatement within the 500 weeks for which compensation is payable applies only to claims for worsening of the accepted injury. *Dillinger* . . . .

Bd. Dec. at 3 (R.R. at 29a). The Board clarified: "[T]he exception allowing reinstatement within 500 weeks of the last payment of compensation d[oes] not apply [to] . . . a distinct, additional injury[.]" *Id*. The Board concluded:

In the present matter, the accepted injury was a fracture at C[]3 and C[]4. The surgery in December 2021 was for a failed disc at C6-[C]7, which was a consequence of the fusion surgery in 2013. Claimant's petition to add a consequential injury almost eight years after the last payment of compensation is barred by *Fitzgibbons*. Further, because the claim for reinstatement does not relate to the accepted injury, the exception does not apply. *Dillinger*. Accordingly, both an expansion of the description of injury and a reinstatement of indemnity benefits are time-barred.

Bd. Dec. at 4 (R.R. at 30a).

8

The WCJ found credible Dr. Eskander's testimony relating Claimant's December 22, 2021 C6-C7 disc replacement surgery to his accepted work injury surgery.[9] *See* WCJ Finding of Fact 86 (R.R. at 18a-19a). The WCJ described:

> 48. Dr. Eskander causally connected Claimant's December 22, 2021[] surgery to his November 4, 2013[] surgery. Dr. Eskander explained that Claimant has a post-traumatic disease process that goes back to the 2013 fusion surgery. This surgery kicked off a whole set of mechanics throughout the cervical spine. He also explained that while not adjacent to the C3-[C]4 level, the C6-[C]7 disc was the most likely disc to fail. Dr. Eskander testified that was what happened in Claimant's case.
>
> 49. Dr. Eskander rendered the opinion that Claimant's November 4, 2013[] injury and the sequelae was a substantial contributing factor in causing Claimant's December 22, 2021[] surgery and disability that followed.
>
> . . . .
>
> 51. Dr. Eskander stated that Claimant's condition was not just because of degeneration [as Employer's medical expert opined], but by a post-traumatic process started by the 2013 fusion surgery.

WCJ Dec. at 6-7 (R.R. at 15a-16a). Thus, the WCJ determined, based on the record evidence, that Claimant was not here seeking reinstatement due to his accepted work

---

[9] [A] WCJ is required to make credibility and evidentiary determinations, to make findings as to the facts underlying the matter, and to determine whether a claimant has met the burden of proving entitlement to compensation, and with regard to these findings and determinations, "the WCJ is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight." *Thompson v. Workers' Comp. Appeal Bd. (USF&G Co.)*, . . . 781 A.2d 1146, 1150 ([Pa.] 2001).

*City of Phila. v. Healy (Workers' Comp. Appeal Bd.)*, 297 A.3d 872, 880 (Pa. Cmwlth. 2023) (quoting *Dep't of Corr. - SCI Chester v. Faison (Workers' Comp. Appeal Bd.)*, 266 A.3d 714, 730 (Pa. Cmwlth. 2021)). Neither the Board nor this Court will disturb a WCJ's factual findings that are supported by substantial, competent record evidence. *See DiLaqua.*

injury - contusions and fractures at C3-C4 - but, rather, for C6-C7 disc replacement which, although related to the accepted work injury, was a distinct, consequential injury. *See also* Claimant Br. at 11, 14 (where Claimant acknowledges that his C6-C7 disc replacement was a distinct, consequential injury).

Where Claimant was seeking to add a distinct, consequential injury to the NCP, and to reinstate his indemnity payments for disability related thereto, under Section 413(a) of the Act, he had to file the Petitions within three years of the date of the most recent compensation payment. *See Marcusky*; *Dillinger*; *Fitzgibbons*.[10]

---

[10] Claimant contends that *Dillinger* and *Fitzgibbons* are distinguishable from this case because the claimants therein were seeking to add injuries that existed when the NCPs were issued and, here, Claimant was seeking to add an injury that did not materialize until several years after his work injury. *See* Claimant Br. at 11. Without citing to supportive legal authority, Claimant offers that the discovery rule applied in notice cases under Section 311 of the Act, 77 P.S. § 631, should be instructive here. *See id*. at 16-17. Claimant adds that the Board's reversal on the basis that he did not file the Petitions by January 9, 2017, was "unduly harsh" "when he had no way of knowing that he would develop a consequential injury at C6-C7 until 2021." Claimant Br. at 11; *see also id*. at 17. Claimant further asserts that the Act's humanitarian purpose would not be furthered by this Court affirming the Board's decision under these circumstances. *See id*. at 17-18.

When interpreting statutes, this Court looks to the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. §§ 1501-1991, the objective of which is to ascertain and effectuate the General Assembly's intent when enacting it. *See* Section 1921(a) of the SCA, 1 Pa.C.S. § 1921(a); *see also Commonwealth v. Rensel*, 315 A.3d 238 (Pa. Cmwlth. 2024). "[W]hen the words of a statute have a plain and unambiguous meaning, it is th[at] meaning which is the paramount indicator of legislative intent." *Snyder Bros., Inc. v. Pa. Pub. Util. Comm'n*, 198 A.3d 1056, 1071 (Pa. 2018), *order amended on reconsideration*, 203 A.3d 964 (Pa. 2019). Moreover, courts "may not add additional words to its language to alter an unambiguous legislative intent." *Sadler v. Workers' Comp. Appeal Bd. (Phila. Coca-Cola Co.)*, 244 A.3d 1208, 1214 (Pa. 2021). This Court in *Dillinger*, *Fitzgibbons*, and *Marcusky* relied on Section 413(a) of the Act's plain language, which does not restrict the three-year limitations period to injuries known to a claimant when an NCP is issued. Although this Court acknowledges that borderline interpretations of the Act are to be construed liberally in a claimant's favor to effectuate the Act's humanitarian purpose, *see VNA of St. Luke's Home Health/Hospice, Inc. v. Ortiz (Workers' Comp. Appeal Bd.)*, 319 A.3d 644 (Pa. Cmwlth. 2024), Section 1921(b) of the SCA prescribes that "[w]hen the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Accordingly, Claimant's arguments lack merit.

Because Claimant filed the Petitions approximately eight years after his last January 8, 2014 WC payment, the Board properly determined that they were time-barred.

Based on the foregoing, the Board's order is affirmed.

_____

ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Grow, : 
               Petitioner : 
                 : 
          v. : 
                 : 
PECO Energy Company (Workers' : 
Compensation Appeal Board), :   No. 63 C.D. 2024
               Respondent : 

## O R D E R

AND NOW, this 8th day of January, 2025, the Workers' Compensation Appeal Board's January 3, 2024 order is affirmed.

_____
ANNE E. COVEY, Judge